# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**JOSHUA FOLKS**                                              **CIVIL ACTION**

**VERSUS**                                                        **NO. 23-1289-SDD-RLB**

**JEFF LANDRY, ET AL.**

## STATUS REPORT

**A.      JURISDICTION**

This Court has subject matter jurisdiction over Plaintiff's claims under 42 U.S.C. § 1983 pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's claims under Louisiana law pursuant to 28 U.S.C. § 1367.

**B.      BRIEF EXPLANATION OF THE CASE**

1. Plaintiff claims: Mr. Joshua Folks is a person with a serious mental illness that causes him to compulsively self-harm. Because of his disability, Mr. Folks was charged with two counts of felony "self-mutilation of a prisoner" (R.S. 14:404), a part of the Louisiana criminal code that punishes people, like Mr. Folks, who compulsively self-harm.

There is no more obvious case of disability discrimination then when a person is punished for the fact of their disability. In addition to violating disability law, Mr. Folks' treatment at Angola violated the Constitution. His conditions of near-total isolation in the time-out cell, at times shackled with 5-point restraints to his bed, were cruel and unusual by any measure.

2. Defendant claims: Defendants are not responsible for the charging or prosecution of Plaintiff under the referenced criminal statute (R.S. 14:404) and cannot be held liable for the same.  Defendants assert that they have not discriminated against Plaintiff in any

fashion violative of either the Americans with Disabilities Act or the Rehabilitation Act.
Defendants further assert that the treatment received by Plaintiff was within the bounds of
the Constitution, does not constitute cruel and unusual punishment, and was, at least in
part, determined by Plaintiff's own actions.

C.    **PENDING MOTIONS**

List any pending motion(s), the date filed, and the basis of the motion(s): None.

D.    **ISSUES**

List the principal legal issues involved and indicate whether or not any of those issues are in
dispute:

- The legality of the application of punishment pursuant to R.S. 14:404 for persons with
  disabilities like Mr. Folks'. (Disputed.)

- Whether Defendants engaged in discrimination in violation of the Americans with
  Disabilities Act or the Rehabilitation Act. (Disputed.)

- Whether Defendants violated Mr. Folks' Eighth and Fourteenth Amendment rights.
  (Disputed.)

E.    **DAMAGES**

Separately, for each party who claims damages or an offset, set forth the computation of
damages or the offset:

1. Plaintiff's calculation of damages: Plaintiff seeks compensatory, punitive, and nominal
damages that will be characterized during this litigation.

2. Defendant's calculation of offset and/or plaintiff's damages: Defendants assert that
Plaintiff has not suffered any compensable damages, but to the degree that they may be
found liable for such damages, sufficient discovery has not yet taken place to adequately

and accurately estimate their value.

       3. Counterclaimant/cross claimant/third party's calculation of damages: None.

**F.**     **SERVICE:** Identify any unresolved issues as to waiver or service of process, personal jurisdiction, or venue: None.

## G. DISCOVERY

1. Initial Disclosures:

       A. Have the initial disclosures required under FRCP 26(a)(1) been completed?

[ ] YES [**X**] NO

In accordance with Local Rule 26(b), the parties shall provide their initial disclosures to the opposing party no later than 7 days before the date of the scheduling conference, unless a party objects to initial disclosures during the FRCP 26(f) conference and states the objection below.

B.  Do any parties object to initial disclosures?

[ ] YES [**X**] NO

For any party who answered yes, please explain your reasons for objecting

2. Briefly describe any discovery that has been completed or is in progress:

       By plaintiff(s):     None yet.

       By defendant(s):     None yet.

3. Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery.

       It is anticipated that the parties will work together to propose a stipulated protective order to govern the use of medical records and other sensitive documents.

(For example: are there any confidential business records or medical records that will be sought?

Will information that is otherwise privileged be at issue?)

4. Discovery from experts:

Identify the subject matter(s) as to which expert testimony will be offered:

By plaintiff(s): Plaintiff anticipates calling an expert or experts to discuss Mr. Folks' mental health condition and the impacts of that condition.

By defendant(s): Defendants anticipate that they may require expert testimony from experts in the fields of mental health and treatment in a corrections setting.

**H.    PROPOSED SCHEDULING ORDER**

1. If the parties propose an alternative timeframe for exchanging initial disclosures, please provide that proposed deadline: March 8, 2024.

2. Recommended deadlines to join other parties or to amend the pleadings: May 8, 2024.

3. Filing all discovery motions and completing all discovery except experts: November 8, 2024.

4. Disclosure of identities and resumés of expert witnesses (if appropriate, you may suggest different dates for disclosure of experts in different subject matters):

Plaintiff(s): . November 8, 2024

Defendant(s): December 8, 2024

5. Exchange of expert reports:

Plaintiff(s): November 15, 2024

Defendant(s): December 15, 2024

6. Completion of discovery from experts: January 15, 2025.

7. Filing dispositive motions and Daubert motions: February 15, 2025.

8. All remaining deadlines and the pre-trial conference and trial date will be included in the initial scheduling order. The deadlines will be determined based on the presiding judge's schedule, within the following general parameters.  The parties should not provide

any proposed dates for these remaining deadlines.

a. Deadline to file pre-trial order (approximately 16 weeks after dispositive motion deadline).

b. Deadline to file motions in limine (approximately 20-22 weeks after dispositive motion deadline).

c. Deadline to file an affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline).

d. Deadline to submit joint jury instructions, voir dire, verdict forms, and trial briefs to the presiding judge (approximately 25-27 weeks after dispositive motion deadline).

e. Pre-trial conference date (approximately 18-20 weeks after dispositive motion deadline).

f. Trial date (approximately 27-29 weeks after dispositive motion deadline)

9. If the general outline of proposed deadlines does not fit the circumstances of your particular case, please provide a proposed joint schedule of deadlines which is more appropriate for your case.

**I. TRIAL**

1. Has a demand for trial by jury been made? [ ] YES [**X**] NO

2. Estimate the number of days that trial will require. **3-4.**

**J. OTHER MATTERS**

Are there any specific problems the parties wish to address at the scheduling conference?

[ ] YES [**X**] NO

i.      If the answer is yes, please explain: ii. If the answer is no, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report? **CHECK "NO" IF YOU HAVE NOT SUBMITTED**

**JOINT PROPOSED DEADLINES.** [ X] YES [ ] NO

**K.    SETTLEMENT**

1. Please set forth what efforts, if any, the parties have made to settle this case to date. <u>None yet</u>.

2. Do the parties wish to have a settlement conference: [**X**] YES [ ] NO If your answer is yes, at what stage of litigation would a settlement conference be most beneficial? <u>Once the case is closer to trial, and discovery is complete.</u>

**L.    CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a United States Magistrate Judge. Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.

All parties agree to jurisdiction by a Magistrate Judge of this court: [ ] YES [**X**] NO

If your response was "yes" to the preceding question, all attorneys and unrepresented parties should sign the attached form to indicate your consent.

Respectfully submitted,

*/s/ William Most*
William Most, La. Bar No. 36914
Caroline Gabriel (La. Bar No. 38224)
Most & Associates
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
Telephone: (504) 509-5023
Email: williammost@gmail.com

Oren Nimni
RIGHTS BEHIND BARS
416 Florida Ave. NW

Washington, D.C. 20001
Tel: (202) 540-0029
Email: oren@rightsbehindbars.org

*Attorneys for Plaintiffs*

**"LIZ" MURRILL**
**ATTORNEY GENERAL**

BY:     */s/ Matthew P. Roth*
        Matthew P. Roth (#37527)
        Assistant Attorney General
        Louisiana Department of Justice
        Litigation Division, Civil Rights Section
        1885 North Third Street, Fourth Floor
        Post Office Box 94005
        Baton Rouge, Louisiana (70804-9005)
        Telephone: 225-326-6300
        Facsimile: 225-326-6495
        E-mail: RothM@ag.louisiana.gov
        *Attorney for Defendants*