IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| Joshua Folks<br><br>*Plaintiff*<br><br>v.<br><br>Louisiana Attorney General Liz Murrill, Louisiana Department of Public Safety & Corrections, Warden Tim Hooper, Assistant Warden for Health Services Doe, Director of Medical Services Paul Toce, Medical Department Director Dan Lefleur, Acute Treatment Unit Director Doe, ADA Administrator Ashli Oliveaux, Dr. Gamble, Officer Doe, and EMT Doe, *Defendants* | Case No. 23-cv-01289 |

## MEMORANDUM IN SUPPORT OF THE ATTORNEY GENERAL OF THE STATE OF LOUISIANA'S MOTION TO INTERVENE

MAY IT PLEASE THE COURT:

The Attorney General of the State of Louisiana Liz Murrill in her official capacity as Louisiana Attorney General respectfully moves to intervene in the litigation for the limited purpose of defending the constitutionality of the state statute challenged by the plaintiff Joshua Folks, La RS 14:404 Self-mutilation by a Prisoner. The Attorney General submits that her office has an intervention of right to defend the constitutionality of the state statute pursuant to Fed. R. Civ. P. arts. 5.1, 24(a) and 28 USC § 2403(b).

### ARGUMENT

Federal Rule of Civil Procedure 24(a) requires a federal court to permit intervention of a non-party who either is given an unconditional right to intervene (Rule 24(a)(1)) or who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated

1

that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Rule24(a)(2).

The Attorney General of the State of Louisiana is entitled to intervene of right under Rule 24(a)(1) and 24(a)(2). Federal law, specifically 28 U.S.C. § 2403(b), confers upon Attorney General Murrill an unconditional right to intervene when a party has challenged the constitutionality of a Louisiana statute. See *Haspel & Davis Milling & Planting Co. v. Bd. of Levee Commissioners of the Orleans Levee Dist. & State of Louisiana,* 493 F.3d 570, 577–78 (5th Cir. 2007); see also *Thatcher v. Tennessee Gas Trans.* Co., 180 F.2d. 644, 648 n.7 (5th Cir. 1950*); O'Keefe v. New York City Bd. of Elections,* 246 F. Supp. 978, 980 (S.D.N.Y. 1965).

The Attorney General has an interest as chief legal officer of Louisiana in defending the State's statutes. She has an interest in the transaction that forms the subject of this suit. The Court should not entertain the challenges to the constitutionality of state law without affording the State the opportunity to appear and respond. Under Rule 24, the State satisfies the elements of intervention as of right and of permissive intervention. The State is entitled to intervene as of right under Rule 24(a)(1) because 28 U.S.C. § 2403 gives the State an unconditional right to intervene. See, La. Const. Art. IV, § 8, La. Code Civ. P. art. 1880, and La. R.S. 49:257(C). Additionally, Attorney General Murrill is so situated that disposing of the action may as a practical matter impair or impede her ability to protect the State's interest, and no other party can be said to be positioned to represent that interest.

The right to defend the constitutionality of its statutes unequivocally entitles a State to intervene of right "where the constitutionality of any statute of that State affecting the public interest is drawn in question" and the State nor any agency, officer, or employee thereof is a party to the litigation. 28 U.S. § 2403. The federal statute gives Louisiana an unconditional right to

intervene here under Rule 24(a)(1), and the Court must allow the intervention. By its terms, 28 U.S.C. § 2403(b) confers an unconditional right to intervene because the constitutional validity of La. R.S. 14:404, Self-mutilation by a Prisoner, is at stake.

Under Rule 24(a)(2), a party has an intervention of right where that party claims an interest relating to the transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the party's ability to protect its interest unless existing parties adequately represent that interest. A party seeking to intervene as of right must satisfy four requirements:

> (1) The application must be timely; (2) the applicant must have an interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; and (4) the applicant's interest must be inadequately represented by the existing parties to the suit."

*Brumfield*, 749 F.3d at 341 (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1204–05 (5th Cir. 1994)). The State of Louisiana satisfies each of those elements.

Plaintiff's petition, filed on September 12, 2024, challenges the constitutionality of La. R.S. 14:404. An order granting the Plaintiff's Motion for Partial Dismissal, dismissing the Louisiana Attorney General as a Defendant was signed by the court on January 19, 2024. Plaintiff subsequently filed the First Amended Complaint on January 25, 2024. The Plaintiff's First Amended Complaint realleges constitutional challenges to the state law. No other meaningful case events have occurred in the record. This motion is timely. see *Edwards v. City of Houston,* 78 F.3d 983, 1000 (5th Cir. 1996) (finding that delays of "only 37 and 47 days . . . are not unreasonable"); *Ross v. Marshall*, 426 F.3d 745, 755 (5th Cir. 2005) (permitting post-judgment intervention); *Mullins v. De Soto Securities* Co., 3 F.R.D. 432, 433 (W.D. La. 1944) (finding motion to intervene timely during the initial pleading stage); *United States v. Virginia*, 282 F.R.D. 403, 405 (E.D. Va.

2012) ("Where a case has not progressed beyond the initial pleading stage, a motion to intervene is timely.").

The State of Louisiana "has a 'direct, substantial, legally protectable interest in the proceedings.'" *Edwards*, 78 F.3d at 1004 (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984)). "A 'legally protectable' right" for intervention purposes "is not identical to a 'legally enforceable' right, such that 'an interest is sufficient if it is of the type that the law deems worthy of protection, even if the intervenor . . . would not have standing to pursue her own claim.'" *DeOtte v. Nevada*, 20 F.4th 1055, 1068 (5th Cir. 2021) (quoting *Texas v. United States*, 805 F.3d 653, 659 (5th Cir. 2015)); *accord Wal-Mart Stores*, 834 F.3d at 566.

The State's interest in defending the constitutionality of the statute is inadequately represented by the existing parties to the suit. The Attorney General has a unique interest in defending the constitutionality of state law and protecting against the injury to the State itself that would result from an injunction against, and/or a determination that the current law passed by the State Legislature is unlawful. La. R.S. 49:257(C). Allegations are made that the conduct of appointed state officials and employees violated the United States Constitution. The actions of the named defendants will undoubtedly be vigorously defended. However, the alleged constitutional deficiencies in La 14:404, itself, require a defense by the State.

## **CONCLUSION**

The Attorney General respectfully prays that the Court allow her to intervene for the limited purpose of defending the constitutionality of the Louisiana statute challenged by the plaintiff.

Respectfully Submitted,

LIZ MURRILL
LOUISIANA ATTORNEY GENERAL

*/s/ Terrel T. Kent*
Terrel T. Kent (LSBA No. 33215)
Carey T. Jones (LSBA No. 07474)
David Jeddie Smith, Jr. (LSBA No. 27089)
OFFICE OF THE ATTORNEY GENERAL
LOUISIANA DEPARTMENT OF JUSTICE
1885 N. Third St.
Baton Rouge, LA 70804
(225) 326-6000 phone
(225) 326-6098 fax
kentt@ag.louisiana.gov
jonescar@ag.louisiana.gov
smithda@ag.louisiana.gov

**CERTIFICATE OF SERVICE**

I do hereby certify that, on this 15th day of November 2024, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system which gives notice of filing to all counsel of record. Counsel of record not registered in the CM/ECF system were served via other means.

/s/ Terrel T. Kent
Terrel T. Kent