UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

Joshua Folks,
        Plaintiff,

v.

Louisiana Dep't of Public Safety & Corrections, *et al.*,

        Defendants.

Case No. 23-cv-01289

**OPPOSITION TO MOTION OF THE ATTORNEY GENERAL OF LOUISIANA'S MOTION TO INTERVENE**

NOW INTO COURT comes Plaintiff Joshua Folks, who respectfully opposes Attorney General's (the "Attorney General") motion for intervention as of right (the "Motion"). Dkt 28. The Attorney General may not intervene as of right under Federal Rule of Civil Procedure 24(a)(1) pursuant to 28 U.S.C. § 2403(b) because the parties to this litigation already include a state agency and state employees. Moreover, the Attorney General is not entitled to intervene under Rule 24(a)(2) because the Motion is untimely, and because it falls short of its burden to show that the Attorney General's interests are not adequately represented by the current parties to the case. Therefore, Plaintiff respectfully requests that this Court deny the Motion.

**BACKGROUND**

Plaintiff Joshua Folks first filed this action naming the then-Attorney General of Louisiana as a defendant on September 21, 2023. On or about January 3, 2024, the Attorney General contacted Plaintiff's counsel to suggest that the Attorney General be dismissed as a defendant because it was not a necessary party. Exhibit A ("Most Decl.") ¶ 2. On January 19, 2024, the parties filed a consent motion to dismiss the Attorney General because they agreed it was not "necessary to name the Attorney General as a party" to challenge the constitutionality of

the statute. Dkt. 10 at 1. Specifically, the Attorney General agreed that the "'only requirement for a valid constitutional challenge is to raise the issue at the trial court level and service on the AG.' This has been accomplished." Dkt. 10. This Court granted the dismissal by consent on January 25, 2024. Dkt. 11. On November 15, 2024—one year and two months after the action commenced and 11 months after the Attorney General sought to be dismissed as a party from this action—the Attorney General filed the Motion to get back into the case. Dkt. 28.

## ARGUMENT

Intervention of right is governed by Federal Rule of Civil Procedure 24(a). Under Rule 24(a), the would-be intervenor either must be "given an unconditional right to intervene by a federal statute," provided their motion to intervene is "timely," Fed. R. Civ. P. 24(a)(1), or must meet each of the four requirements of Rule 24(a)(2):

> (1) [T]he application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.,* 732 F.2d 452, 463 (5th Cir. 1984) (en banc) (quoting *Int'l Tank Terminals, Ltd. v. M/V Acadia Forest*, 579 F.2d 964, 967 (5th Cir. 1978)). The party seeking intervention bears the burden of establishing their right to intervene. *Texas v. U.S.*, 805 F.3d 653, 656 (5th Cir. 2015); *Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014).

### I. The Attorney General Has Not Met Its Burden to Establish an Unconditional Right to Intervene Under Rule 24(a)(1).

The Attorney General has sought to intervene under Rule 24(a)(1) based on its "unconditional right to intervene" under 28 U.S.C. § 2403(b). *See* Dkt. 28 ¶ 2. However, the plain text of § 2403(b) confers on the Attorney General an unconditional right to intervene only

"in any action . . . **to which [the] State or any agency, officer, or employee thereof is not a party** . . . ." 28 U.S.C. § 2403(b) (emphasis added). That statute does not apply to this action, where the Louisiana Department of Public Safety & Corrections ("LDPSC") and several state employees sued in their official capacities are already named as defendants. *See generally* Dkt. 14 ¶¶ 11, 12, 14 (admitting certain Defendants are a state agency and state employees).

The Attorney General has not identified any other federal statute that confers an unconditional right to intervene. Therefore, the Attorney General has not satisfied its burden under Rule 24(a)(1) to show it may intervene as of right.

**II.     The Attorney General Has Not Met Its Burden to Intervene Under Rule 24(a)(2).**

The Attorney General met its burden to show that it may intervene as of right under Rule 24(a)(2). *See Texas,* 805 F.3d at 656; *Brumfield,* 749 F.3d at 341. To intervene as of right, the movant needs to meet four distinct requirements:

> (1) [T]he application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*New Orleans Pub. Serv., Inc.,* 732 F.2d at 463 (quoting *Int'l Tank Terminals, Ltd.*, 579 F.2d at 964). The Attorney General cannot satisfy the first and fourth requirements.

**A. The State Defendants Adequately Represent the Attorney General's Interest.**

The Attorney General fails the fourth requirement of Rule 24(a)(2) because it cannot show that the existing parties to the litigation "inadequately represent" its interest. "[W]hen the party seeking to intervene has the same ultimate objective as a party to the suit, the existing party is presumed to adequately represent the party seeking to intervene unless that party demonstrates adversity of interest, collusion, or nonfeasance." *Haspel & Davis Milling & Planting Co. Ltd. v. Bd. of Levee Comm'rs of the Orleans Levee Dist.*, 493 F.3d 570, 578-79 (quoting *Kneeland v.*

*Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1288 (5th Cir. 1987)). Further, although the burden of establishing inadequate representation is generally minimal, "where the party whose representation is said to be inadequate is a governmental agency, a much stronger showing of inadequacy is required." *Terrebonne Parish Branch NAACP v. Jindal*, 2016 WL 2743525, *5 (M.D. La. 2016) (quoting *Hopwood v. State of Tex.*, 21 F.3d 603, 605 (5th Cir. 1994)); *see also Hoffman v. Jindal*, 2021 WL 2333628, *6 (M.D. La. 2021) (finding that the State's interests were adequately represented by LDPSC).

Defendants to this action include LDPSC, a governmental agency, as well as several state employees sued in their official capacities. Moreover, these Defendants are currently represented by Special Assistant Attorneys General. *See* Dkt. 24 at 1 (moving to substitute attorneys of the firm Keogh, Cox & Wilson, Ltd. For Assistant Attorney General Matthew Roth). Far from demonstrating "adversity of interest, collusion, or nonfeasance," Defendants have articulated their shared interest in upholding La. R.S. 14:404, including in their Answer to Plaintiff's First Amended Complaint, *see* Dkt. 14 at ¶¶ 148-52 (denying the unconstitutionality of the statute), and in the parties' Consent Motion to Dismiss the Attorney General, *see* Dkt. 10 ("This motion asks to dismiss the Attorney General as a defendant without prejudice, as discussions with that office have shown that inclusion of the Attorney General as a party is superfluous . . . . It [is] not also necessary to name the Attorney General as a party."). Thus, the Attorney General fails to meet the first requirement for intervention under Rule 24(a)(2).

### B. The Motion is Untimely Under Rule 24(a)(1) and (a)(2).

The Attorney General also fails to meet the second requirement for intervention under Rule 24(a)(2)—timeliness.[1] To intervene under Rule 24, the applicant must make a timely

---

[1] Timeliness is also required under Rule 24(a)(1) and Rule 24(b). *See* Fed. R. Civ. P. 24. The Attorney General's failure to timely file the Motion is further grounds to deny the request to intervene under Rule

- 4 -

motion to intervene. *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977). The question of timeliness is not merely one of chronology; rather, it is "to be determined from all the circumstances," *id.* (internal quotation omitted), and is "a matter committed to the sound discretion of the trial court." *Aubin v. Columbia Casualty Co.*, 2017 WL 1416814, *3 (M.D. La. 2017) (citing *McDonald v. E. J. Lavino Co.*, 430 F.2d 1065, 1071 (5th Cir. 1970)). This Circuit considers four factors in evaluating whether a motion to intervene is timely:

> (1) the length of time during which the proposed intervenor should have known of his interest in the case before he petitioned to intervene; (2) the extent of prejudice that those parties already in the litigation would suffer 'as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case;' (3) the extent of prejudice to the proposed intervenor if he is not allowed to intervene; and (4) the existence of 'unusual circumstances militating either for or against a determination that the application is timely.'

*Aubin*, 2017 WL at *3 (citing *Ross v. Marshall*, 426 F.3d 745, 754 (5th Cir. 2005)). Together, these factors tilt strongly toward a finding of untimeliness.

As to the first and fourth factors, the Attorney General has shown undue delay and unusual circumstances in filing the Motion. The Attorney General has known of this action since it was filed September 2023 and was dismissed from the action almost a year ago, in January 2024, at its own suggestion. Most Decl. ¶ 2. And there have been no material changes to the parties, claims, or defenses in this action that would support the Attorney General's interest in the matter since its dismissal as a defendant.

The cases the Attorney General cites for the proposition that its Motion is timely are inapposite. *Edwards v. City of Houston* found that delays of "only 37 and 47 ***days*** . . . are not unreasonable," 78 F.3d 983, 1000 (5th Cir. 1996) (emphasis added), but here, the Attorney General has delayed almost ***11 months***. The Attorney General also cites cases involving

---

24(a)(1) and Rule 24(b).

intervention at the pleading stages. *See* Dkt. 28 at 3-4 (citing *Mullins v. De Soto Securities Co.*, 3 F.R.D. 432, 433 (W.D. La. 1944); *U.S. v. Virginia*, 282 F.R.D. 403, 405 (E.D. Va. 2012). But those cases have little application here, where the Defendants filed a responsive pleading 11 months ago and the parties are well into discovery. *See* Dkt. 14. Finally, *Ross v. Marshall*, a case allowing post-judgment intervention "solely for the purpose of taking an appeal," does not have application here, where the request for intervention was not triggered by an event in the litigation (like a judgment) that affects the Attorney General's interest in the case. 426 F.3d 745, 755 (5th Cir. 2005).

As to the third factor, denial of the Motion would not prejudice the Attorney General because its interests are already adequately represented by the existing parties to the litigation, namely a state government agency and state employees in their official capacities. Indeed, these parties are even represented by Special Assistant Attorneys General at present. *See* Dkt. 24 at 1. As discussed *supra*, Defendant LDPSC shares the Attorney General's interest in defending the statute at issue. The Attorney General has previously acknowledged that its status as a party to the litigation would be superfluous. *See* Dkt. 10 ("It [is] not also necessary to name the Attorney General as a party.").

Because the Motion fails to show that the Attorney General is not already adequately represented by the existing defendants in this action and is untimely under Rule 24(a)(2), it should be denied.[2]

---

[2] Plaintiffs do not brief their right to intervene under Rule 24(b), other than offering a single bare statement that "[u]nder Rule 24, the State satisfies the elements of intervention as of right and of **permissive** intervention." Dkt. 28 (emphasis added). Their failure to brief the issue means they have fallen far short of their burden to show the right to intervene. *Texas,* 805 F.3d at 656 (5th Cir. 2015); *Brumfield*, 749 F.3d at 341 (5th Cir. 2014). The Court need not sua sponte decide the Attorney General's entitlement to intervene under Rule 24(b). *See, e.g.*, *Dorsey v. N. Life Ins. Co.,* No. CIV.A. 04-0342, 2004 WL 2496214 at *11 (E.D. La. Nov. 5, 2004) ("This Court declines to engage in a *sua sponte* discussion of issues that were not briefed."); *Davis v. Exel, Inc.*, No. 3:18-CV-02089-X, 2019 WL

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court deny the Attorney General's Motion to Intervene.

    Respectfully submitted,

    /s/ *Elizabeth A. Edmondson*
    Elizabeth A. Edmondson
    Sarah A. Purtill
    Julius J. Mitchell
    JENNER & BLOCK LLP
    1155 Avenue of the Americas
    New York, NY 10036-2711
    Telephone: (212) 891-1600
    EEdmondson@jenner.com
    SPurtill@jenner.com
    Julius.Mitchell@jenner.com

    Kenneth D. Beale
    Emanuel Powell III
    JENNER & BLOCK LLP
    1099 New York Ave NW # 900
    Washington, DC 20001
    Telephone: (202) 639-6000
    KBeale@jenner.com
    EPowell@jenner.com

    William Most (La. Bar No. 36914)
    Caroline Gabriel (La. Bar No. 38224)
    MOST & ASSOCIATES
    201 St. Charles Ave., Ste. 114, # 101
    New Orleans, LA 70170
    Telephone: (504) 509-5023
    Email: williammost@gmail.com

    *Counsel for Plaintiff Joshua Folks*

---

12262660, at *3 n. 14 (N.D. Tex. Oct. 16, 2019) ("[T]he Court is not under a duty to sua sponte go searching for evidence to support a theory that was not briefed.").

- 8 -

**CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2024, a copy of Plaintiffs' Opposition to Motion to Intervene of the State of Louisiana by Attorney was filed electronically with the Clerk of Court via the CM/ECF system and served on all parties of record, and on the Attorney General by electronic mail at kentt@ag.louisiana.gov, jonescar@ag.louisiana.gov, and smithda@ag.louisiana.gov.

/s/ Elizabeth Edmondson
Elizabeth Edmondson