**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JOSHUA FOLKS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-1289-SDD-RLB** |
| **JEFF LANDRY, ET AL.** | |

**ORDER**

Considering the foregoing Joint Motion for Entry of Stipulated Protective Order (R. Doc. 32), the proposed Protective Order (R. Doc. 32-1), and for good cause shown;

**IT IS ORDERED** that the Motion is **GRANTED,** and the attached Protective Order is entered into the record of the above-referenced matter.

The parties are reminded that regardless of any designation of documents exchanged in discovery as "Confidential" pursuant to the Protective Order, the Court will apply a "stricter balancing standard" to determine whether any documents may be filed into the record under seal with respect to motions that require judicial resolution of the merits. *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416-421 (5th Cir. 2021).

Signed in Baton Rouge, Louisiana, on December 23, 2024.

          **RICHARD L. BOURGEOIS, JR.**
          **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **Joshua Folks,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**Louisiana Attorney General Jeff Landry, Louisiana Department of Public Safety & Corrections, Warden Tim Hooper, Assistant Warden for Health Services Doe, Director of Medical Services Paul Toce, Medical Department Director Dan LeFleur, Acute Treatment Unit Director Ashli Oliveaux, Dr. Gamble, Officer Doe, and EMT Doe,**<br><br>    **Defendants.** | Civ. Case No. 23-cv-01289-SDD-RLB |

## STIPULATED PROTECTIVE ORDER

**IT IS HEREBY STIPULATED** that the parties to the above-captioned action ("Action"), by and through the undersigned counsel, agree to the entry by this Honorable Court of a protective order ("Protective Order") and state as follows:

1. **Purpose.** Disclosure and discovery activity in this Action will likely involve the production of confidential, proprietary, or private information under Fed. R. Civ. P. 26(c) and the federal Health Insurance Portability and Accountability Act of 1996 (HIPAA), 45 C.F.R. § 164.512(e)(1)(v), as well as records related to corrections activities that may be sensitive for security reasons. Plaintiff Joshua Folks ("Plaintiff") and Defendants Louisiana Department of Public Safety & Corrections, Warden Tim Hooper, Director of Medical Services Paul Toce, Medical Department Director Dan LeFleur, Acute Treatment Unit Director Ashli Oliveaux, Doctor Gamble, (collectively,

1

"Defendants"), (together, the "Parties") hereby stipulate to and jointly request that the Court enter this Protective Order governing the handling of documents, depositions, deposition exhibits, correspondence, interrogatory responses, admissions, and other written, recorded, graphic, or electronic matter or information produced, filed with, or submitted to the Court and/or exchanged by and among the Parties ("Discovery Material"), including Discovery Material produced by non-parties to the Action.

2. **Definitions.** As used in this Protective Order:

    a. "Discovery Material" means all information exchanged between the parties, whether gathered through informal requests or communications between the parties or their counsel or gathered through formal discovery conducted pursuant to Fed. R. Civ. P. 30 through 36, and Rule 45. Discovery Material includes information within documents, depositions, deposition exhibits, and other written, recorded, computerized, electronic or graphic matter, copies, and excerpts or summaries of documents disclosed as required under Rule 26(a).

    b. A "Producing Party" is a party to this litigation, or a non-party either acting on a party's behalf or responding to discovery pursuant to a Rule 45 subpoena, that produces Discovery Material in this Action.

    c. A "Receiving Party" is a party to this litigation that receives Discovery Material from a Producing Party in this Action.

    d. "Confidential Discovery Material" means all sensitive and confidential Discovery Material produced or obtained in this Action. For the purposes of this Protective Order, "Confidential Discovery Material" shall include:

        i. Records related to corrections policies and practices that implicate

       security concerns;

  ii. Personnel data of the parties or their employees, including but not limited to employment application information; the identity of and information received from employment references; wage and income information; benefits information; employee evaluations; medical evaluation and treatment information and records; counseling or mental health records; educational records; and employment counseling, discipline, or performance improvement documentation;

  iii. Information concerning settlement discussions and mediation, including demands or offers, arising from a dispute between a party and a non-party;

  iv. Medical or mental health information within the meaning of "Protected Health Information" (PHI) or "Individually Identifiable Health Information" (IIHI) (together, "Confidential Health Information") as those terms are defined in HIPAA, 45 C.F.R. § 160.103;

  v. Records restricted or prohibited from disclosure by statute; and

  vi. Any information copied or extracted from the previously described materials, including all excerpts, summaries, or compilations of this information or testimony, and documentation of questioning, statements, conversations, or presentations that might reveal the information contained within the underlying confidential Discovery Material.

e. Notwithstanding Paragraph 2(d) of this Protective Order, Confidential Discovery Material shall not include:

      i. Any document that is publicly accessible or obtained from a public source;

      ii. Any communications or other documents exchanged between the parties to this Action prior to the filing of the Complaint in this Action.

3. **Manner of Confidential Designation**. A Producing Party shall affix a "CONFIDENTIAL" designation to any Confidential Discovery Material produced in this Action.

    a. As to documentary information (to include paper or electronic documents, but not transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix clearly the legend "CONFIDENTIAL" to each page that contains Confidential Discovery Material.

    b. If only a portion or portions of the information on a document page qualifies as Confidential Discovery Material, the Producing Party must clearly identify the protected portion(s) (e.g., by using highlighting, underlining, or appropriate markings in the margins).

    c. If it is not feasible to label Confidential Discovery Material as "CONFIDENTIAL," the Producing Party shall indicate via cover letter or otherwise in writing at the time of production that the material being produced is CONFIDENTIAL.

4. **Timing of Confidential Designation.**

    a. The Parties shall have thirty (30) days from the entry of this Protective Order to designate as Confidential any Discovery Material exchanged prior to the entry of this order.

 b. A Receiving Party shall have thirty (30) days from the receipt of Discovery Material to designate that material as Confidential.

 c. In the case of deposition testimony, the parties shall state on the record what material, if any, shall be provisionally designated as Confidential, and such testimony shall be treated as Confidential Discovery Material until thirty (30) days after receipt of the final deposition transcript. The parties shall have thirty (30) days from receipt of the final deposition transcript to designate all or portions of the transcript as Confidential Discovery Material.

 d. Except as otherwise stipulated or ordered, a Producing Party must designate Confidential Discovery Material before the material is disclosed or produced.

5. **Use of Confidential Discovery Material.**

 a. Except as otherwise stipulated by the parties or ordered by this Court, the non-designating party shall only use Confidential Discovery Material solely for purposes of this Action, including any trial, retrial, or appeal, and shall not be used for any other litigation or purpose.

6. **Challenges to Confidentiality Designations.** Any non-designating party may object to the designation of Confidential Discovery Material in writing provided to the Parties, including the designating party. If the Parties are unable to resolve the dispute, any party may file an appropriate motion with the Court pursuant to L.R. 37 and Fed. R. Civ. P. 26(c).

7. **Qualified Recipients.** Except upon express prior written permission of the Producing Party, the Parties will not disclose Confidential Discovery Material except to:

 a. the Parties;

   b. the Parties' attorneys;

   c. the Parties' attorneys' staff and employees;

   d. the Parties' experts or consultants retained for the prosecution or defense of this Action;

   e. deponents and trial witnesses to the extent that such information is relevant to his or her testimony. In such instances, deponents and trial witnesses shall be informed of, familiar with, and subject to the disclosure provisions of this Order.

   f. any mediator or arbitrator retained by the Parties to assist with resolving and/or settling the claims of this Action and members of the arbitrator's or mediator's staff and assistants;

   g. the Court, court reporters, and other court personnel as is necessary to conduct this Action;

   h. the parties' insurers for this Action, and their staff and assistants, members, officers, board members, directors or other legal representatives;

   i. any auditor or regulator of a party entitled to review the Confidential Discovery Material due to contractual rights or obligations, or federal or state laws, or court orders, but solely for such contractual or legal purposes; or

   j. any other person agreed upon by the Parties and confirmed in writing.

8. **Maintaining Confidentiality.** All persons allowed access to Confidential Discovery Material pursuant to this Protective Order shall take reasonable and necessary steps to maintain all such materials and information, and any copies, notes, extracts, summaries, or descriptions of such materials, as confidential and shall not disclose

or disseminate such confidential information, except as permitted by this Protective Order.

9. **Docket Filings.** A party seeking to submit Confidential Discovery Material to the Court shall either: (a) pursuant to L.R. 5.2, move to file the unredacted records or documents under seal; or (b) prior to filing, redact all Confidential Discovery Material. Should any party choose the latter method, the redacted information shall be subject to the same restrictions and safeguards respecting the disclosure of Confidential Discovery Material under this Protective Order. Any Discovery Material filed under seal with the court shall be filed in accordance with this Court's Administrative Procedures for Filing Electronic Documents.[1]

10. **Termination.** The terms of this Protective Order shall survive the final termination of this Action and shall continue to fully apply to all Confidential Discovery Material until further order of this Court. Following the final termination of this litigation, the Court shall retain and have jurisdiction over the Parties and all persons who received access to such materials. Any document filed under seal with the Court shall be handled in accordance with court procedures at the conclusion of the litigation.[2]

11. **Privilege Assertions.** The Protective Order shall not limit the Parties' ability to assert any privilege, including arguments regarding the applicability or inapplicability of a privilege or the presence or absence of a waiver thereof.

12. Nothing in this Protective Order shall prevent the Parties' or other person from: (a)

---

[1] Administrative Procedures for Filing Electronic Documents for Civil and Criminal Cases, "Documents Under Seal" (pp. 10-11).

[2] General Order No. 2019-4: "[P]leadings and other papers filed under seal in civil . . . actions . . . shall be maintained under seal for thirty (30) days following final disposition of the action. After that time, all sealed pleadings and other papers shall be placed in the case record unless the District Judge or Magistrate Judge, upon motion and for good cause shown, orders that the pleading or other paper be maintained under seal."

applying to the Court for modification of this Order or further protective orders relating to discovery in this Action; (b) applying to the Court for an order seeking the addition or removal of a redaction or designation of Confidential Discovery Material; (c) objecting to a discovery request; or (d) applying to the Court for an order compelling production of documents or an answer to a discovery request.

13. **Return or Destruction of Confidential Information**. Upon the final termination of this litigation, any confidential information accessed pursuant to this Order shall be returned or destroyed (including any copies made thereof) as required by the Privacy Rules, 45 C.F.R. § 164.512(e)(1)(v)(B), promulgated under the Health Insurance Portability and Accountability Act (HIPAA), except where such information has been incorporated into Attorney Work Product. If destroyed, that fact shall be certified by affidavit and submitted to Defendants. Any document filed under seal with the court shall be handled by the court in accordance with its procedures at the conclusion of the litigation.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on December 23, 2024.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**