UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSHUA FOLKS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-1289-SDD-RLB** |
| **JEFF LANDRY, ET AL.** | |

**ORDER**

Before the Court are the Attorney General of the State of Louisiana's (the "AG") Motion to Intervene. (R. Doc. 28). The motion is opposed. (R. Doc. 31).

**I.     Background**

On September 12, 2023, Joshua Folks ("Plaintiff") filed suit (the "Original Complaint") against the AG (then Jeff Landry but now Elizabeth Murrill), the Louisiana Department of Public Safety & Corrections (the "LDPSC"), Tim Hooper, Paul Toce, Dan Lefleur, Ashli Oliveaux, Matthew Gamble, and many Doe defendants. (R. Doc. 1). According to the Original Complaint, Plaintiff was charged with two counts of self-mutilation of a prisoner, found at La. R.S. 14:404,[1] after he repeatedly self-harmed while being confined at St. Mary's Parish Jail and Angola. (R. Doc. 1).

On January 19, 2024, Plaintiff filed a Consent Motion to Dismiss Defendant AG (the "Dismissal Motion"), seeking to dismiss the AG without prejudice on the basis that "discussions with that office have shown that inclusion of the [AG] as a party is superfluous [because the AG]'s office represented—and research confirmed—that the 'only requirement for a valid constitutional challenge is [to] raise the issue at the trial court level and serv[]e [] the AG.'" (R. Doc. 10).

---

[1] "Self-mutilation by a prisoner is the intentional infliction of injuries to himself by a prisoner incarcerated in any state penitentiary or any local penal or correctional institution[; w]hoever commits th[is] crime . . . shall be imprisoned at hard labor for a term not exceeding two years[.]" La. R.S. 14:404.

1

On January 19, 2024, the Dismissal Motion was granted. (R. Doc. 11). On January 25, 2024, Plaintiff filed his First Amended Complaint, in which he removed any mention of the AG as a defendant in the case. (R. Doc. 13). Within the First Amended Complaint there are seven counts: (1) Americans with Disabilities Act ("ADA") claim against the LDPSC; (2) Rehabilitation Act claim against the LDPSC; (3) 42 U.S.C. § 1983, 8th Amendment, and 14th Amendment claims against Tim Hooper, Paul Toce, Dan Lefleur, Ashli Oliveaux, Matthew Gamble, and numerous Doe's for deliberate indifference; (4) 42 U.S.C. § 1983, 8th Amendment, and 14th Amendment claims against Tim Hooper, Paul Toce, Dan Lefleur, Ashli Oliveaux, Matthew Gamble, and numerous Doe's for the conditions of his confinement; (5) Negligence claims against Tim Hooper, Paul Toce, Dan Lefleur, Ashli Oliveaux, Matthew Gamble, and numerous Doe's; (6) ADA injunctive relief against the LDPSC and Tim Hooper, in his official capacity; and (7) 14th Amendment (equal protection) injunctive relief[2] against the LDPSC and Tim Hooper, in his official capacity. (R. Doc. 13). Plaintiff also seeks a "declaratory judgment . . . declaring La. [R.S.] 14:404 to violate the ADA and Constitution[,]" but this is not directed at any defendant because the AG was removed as a defendant. (R. Doc. 13).

Nine months after the First Amended Complaint was filed, the AG filed the instant Motion to Intervene, seeking "to intervene in this action . . . for the limited purpose of defending the constitutionality of the state law challenged by Plaintiff." (R. Doc. 28). This Court now addresses whether the AG's Motion to Intervene should be granted.

## II.    Law and Analysis

In analyzing motions to intervene as a matter of right, courts look to Fed. R. Civ. P. 24(a), which provides that, on timely motion, the court must permit anyone to intervene who:

---

[2] The injunctive relief sought in counts six and seven appears to be injunctive relief stopping the defendants from using La. R.S. 14:404 "to punish Plaintiff for manifestations of his serious mental illness[.]" (R. Doc. 13 at 26).

2

> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(1)-(2). The burden of proving the above is on the movant, but Fed. R. Civ. P. 24 is to be "liberally construed" and "courts should allow intervention where no one would be hurt and the greater justice could be attained." *Texas v. United States*, 805 F.3d 653, 656-57 (5th Cir. 2015) (citations omitted). The inquiry "is a flexible one, and a practical analysis of the facts and circumstances . . . is appropriate." *Brumfield v. Dodd*, 749 F.3d 339, 342 (5th Cir. 2014).

The AG argues that it has a right to intervene in the instant matter under either Fed. R. Civ. P. 24(a)(1) or (a)(2). Fed. R. Civ. P. 24(a)(1) provides that a court must permit intervention upon a timely motion filed by anyone who "is given an unconditional right to intervene by a federal statute[.]" Here, the AG contends she has a right to intervene under 28 U.S.C. § 2403:

> (b) In any[]proceeding in a court of the U[.S.] *to which a State or any agency, officer, or employee[]is not a party*, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court[]shall permit the State to intervene[]for argument on the question of constitutionality.

28 U.S.C. § 2403(b) (emphasis added). The AG asserts she has a right to intervene because Plaintiffs are contesting La. R.S. 14:404's constitutionality. Plaintiff argues 28 U.S.C. § 2403 does not apply because the LDPSC and many state employees are defendants. This Court agrees. The LDPSC is a department of Louisiana's executive branch. *Johnson v. LDPSC,* App. 1 Cir. 2020, 304 So.3d 426, 2019-1244 (La. App. 1 Cir. 5/11/20), writ denied 306 So.3d 435, 2020-00839 (La. 12/8/20). 28 U.S.C. § 2403(b) only applies when no "State or any agency, officer, or employee thereof" is a defendant, so it does not apply here, where the LDPSC is a party. The AG seemingly ignores the plain language of the statute.

As the AG fails to show she may intervene under Fed. R. Civ. P. 24(a)(1), this Court looks to Fed. R. Civ. P. 24(a)(2), which has four requirements:

(1) the application for intervention must be timely;
(2) the applicant must have an interest relating to . . . the subject of the action;
(3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; [and]
(4) the applicant's interest must be inadequately represented by the[]parties[.]

*Texas*, 805 F.3d at 657.

### A.    Timeliness

The timeliness of a motion to intervene is within the "sound discretion" of this Court. *McDonald v. E. J. Lavino*, 430 F.2d 1065, 1071 (5th Cir. 1970). The Fifth Circuit has set forth four factors to consider when evaluating whether a motion to intervene is timely:

(1) The length of time during which the would-be intervenor actually or reasonably should have known of his interest[]before he [moved] to intervene.
(2) The extent of prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest[].
(3) The extent of the prejudice that the would-be intervenor may suffer if his petition for leave to intervene is denied.
(4) The existence of unusual circumstances militating either for or against a determination that the application is timely.

*Ross v. Marshall*, 426 F.3d 745, 754 (5th Cir. 2005) (citation omitted). While the above factors "give structure" to the timeliness analysis, the analysis "remains 'contextual,' and should not be used as a 'tool of retribution to punish the tardy would-be intervenor, but rather [should serve as] a guard against prejudicing the original parties[.]'" *Id.*, at 754 (5th Cir. 2005) (citation omitted).

Relying on a few cases that are hardly persuasive by comparison,[3] and providing no argument, the AG states that its Motion to Intervene is timely.

1.  Length of Time that the AG should have Known of her Interest

On January 25, 2024, an answer (the "Answer") was filed by the LDPSC, Tim Hooper, Paul Toce, Dan Lafleur, Ashli Oliveaux, and Matthew Gamble. (R. Doc. 14). The Answer was submitted by Elizabeth Murrill, the AG, through Matthew P. Roth, the Assistant Attorney General. (R. Doc. 14 at 24). This Court therefore finds that the AG was aware of the Original Complaint, at the very latest, by January 25, 2024. Thus, the AG was aware of the Original Complaint, and the constitutional challenges within, for nearly eleven months by the time she filed her Motion to Intervene. As this is almost a year, this Court finds that the first factor weighs against the Motion to Intervene being considered timely.

2.  Prejudice to Plaintiff and Other Defendants

Plaintiff points out that the current parties "are well into discovery." (R. Doc. 31 at 6). Yet, this is somewhat contradicted by the Joint Motion for Extension of Time to Complete Discovery (the "Joint Motion") filed on October 29, 2024 and granted on November 12, 2024. (R. Docs. 26; 27). It reveals Plaintiff did not serve his First Request to Produce Documents until September 23, 2024, did not serve his First Set of Interrogatories until September 27, 2024, and had only noticed one deposition. (R. Doc. 26). The Joint Motion even states that "Counsel for the Parties have joined the matter belatedly" and were "working diligently to get up-to-speed on the case, to respond to discovery requests, and to prepare for depositions." (R. Doc. 26).

---

[3] *Edwards v. City of Houston,* 78 F.3d 983, 1000 (5th Cir. 1996) (delays of only 37 and 47 days not unreasonable); *Ross*, 426 F.3d at 755 (permitting post-judgment intervention); *Mullins v. De Soto Securities* Co., 3 F.R.D. 432, 433 (W.D. La. 1944) (motion to intervene timely during initial pleading stage); *United States v. Virginia*, 282 F.R.D. 403, 405 (E.D. Va. 2012) (motion to intervene timely where a case has not progressed beyond the initial pleading stage).

5

In addition, the AG seeks to intervene "for the limited purpose of defending the constitutionality of the state law challenged by Plaintiff." (R. Doc. 28 at 3). This involvement should have no significant effect on the progress of discovery in this matter and result in no delay or prejudice to any party.

As it is apparent no significant headway had been made in the case by the time the AG filed her Motion to Intervene, and based on the narrow scope of her interest in this matter, this Court finds this factor favors a finding that the Motion to Intervene was timely.

        3.        Prejudice to the AG if not Allowed to Intervene

Plaintiff argues that the defendants are being "represented by Special Assistant Attorneys General at present." (R. Doc. 31 at 6). While this is true, the Special Assistant Attorneys General are still representing the current defendants against a significant number of allegations. Accordingly, they are not solely concerned with defending the constitutionality of La. R.S. 14:404, but will likely focus their energies on defending the specific conduct of their clients. The Court also notes that the Attorney General, as the chief legal officer of Louisiana, has a unique interest in defending the laws of this state. Thus, this Court finds there would be at least some prejudice to the AG were she not allowed to intervene in this matter to defend La. R.S. 14:404 itself. This factor therefore favors the timeliness of the AG's Motion to Intervene.

        4.        Existence of Unusual Circumstances

There is no question that the circumstances in this case are unusual. The AG's first influenced the plaintiff to dismiss it from a case and was successful. Instead of representing any other defendants, that representation was apparently delegated to private attorneys designated as Special Assistant Attorneys General. Then, many months later, the AG seeks to intervene in the same lawsuit. Notwithstanding the unusual posture, the Court recognizes limitations in suing the

AG in case where a plaintiff is challenging the constitutionality of a law, even if the AG may need to defend a statute in that lawsuit. *See Okpalobi v. Foster,* 244 F.3d 405, 411-424 (5th Cir. 2001) (AG had 11th Amendment immunity from suit regarding constitutionality of statute providing private cause of action regarding abortions); *see also Doe v. Jindal,* No. CIV. A. 11-554-BAJ, 2011 WL 3664496, at *1-3 (M.D. La. Aug. 19, 2011) (where plaintiff sought to prevent enforcement of statute and named only AG and governor as defendants, there was no standing). This Court is not assessing whether or not the AG could be a proper party, but is noting that the AG's choice to advise Plaintiff to dismiss her from the case while moving to intervene to defend a statute respects the notion that an AG cannot be joined in every lawsuit that challenges a statute but is also at liberty[4] to choose to defend certain statutes. *Compare Hoffman v. Jindal,* No. CV 12-796-SDD-EWD, 2021 WL 2333628, at *3 (M.D. La. June 8, 2021) (AG arguably estopped from intervening when its counsel's motion to dismiss State was granted 7 years prior *but no statute was challenged*). Thus, this Court will not consider the AG's influence in its dismissal while assessing timeliness. This factor is neutral.

Considering the above and limited to the specific circumstances of this case, as well as the fact that the timeliness question "is not limited to chronological considerations but is to be determined from all the circumstances[,]" this Court finds the Motion to Intervene timely. *Wal-Mart Stores, Inc. v. Texas Alcoholic Beverage Comm'n,* 834 F.3d 562, 565 (5th Cir. 2016) (citations and quotations omitted).

**B.     Interest**

"A potential intervener asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which she seeks to intervene, if the potential

---

[4] The AG, at her "*discretion*, shall represent or supervise the representation of the interests of the state in any action or proceeding in which the constitutionality of a state law . . . is challenged[.]" La. R.S. 49:257(C) (emphasis added).

7

intervener has a 'direct, substantial, [and] legally protectable' interest in the property or transaction that forms the basis of the controversy in the case into which she seeks to intervene." *John Doe No. 1 v. Glickman*, 256 F.3d 371, 379 (5th Cir. 2001). Under Louisiana law, the AG may "represent or supervise the representation of the interests of the state in any action or proceeding in which the constitutionality of a state law . . . is challenged or assailed." La. R.S. 49:257(C). Thus, the AG provides at least three interests it has in the instant action: (i) "defending the State's statutes[;]" (ii) "defending the constitutionality of state law[;]" and (iii) "protecting against the injury to the State itself that would result from an injunction against, and/or a determination that the current law passed by the State Legislature is unlawful." (R. Doc. 28-1). This Court has previously found similar interests to be valid interests for intervention and finds no reason to conclude differently in this case. *See Harrison v. Jefferson Par. Sch. Bd.,* No. CV 20-2916, 2021 WL 4268802, at *9 (E.D. La. Mar. 2, 2021) (state intervention approved when State provided four interests: "(i) 'having its statutes and constitution correctly construed'; (ii) 'having [the Jefferson Parish School Board] . . . comply with Louisiana law'; (iii) 'having [the Jefferson Parish School Board] comply with its contractual obligations to the State'; and (iv) 'avoiding exposure to the federal government for repayment of funds.'"). This Court therefore concludes the AG has a valid interest in this case's outcome.

   **C.**  **Consequence of Disposition**

  Denying the AG intervention in this action could impede its ability to protect its interests. Without a party effectively defending the statute itself, La. R.S. 14:404 may be interpreted in a different manner than the AG believes proper or may even be found to be unconstitutional. Such a finding would have a large and lasting impact.

### D. Inadequate Representation

The Fifth Circuit has made clear that the movant's burden of proving inadequate representation is a "minimal" one that is met if the movant shows that "representation may be inadequate." *Guenther v. BP Ret. Accumulation Plan,* 50 F.4th 536, 543 (5th Cir. 2022) (citations omitted). However, a movant must overcome two presumptions, if they exist. *Brumfield*, 749 F.3d at 345. The first arises if "one party is a representative of the absentee by law" and the second arises when the movant "has the same ultimate objective as a party to the lawsuit[.]" *Id* (quotation and citation omitted). To overcome this presumption, the movant must establish "adversity of interest, collusion, or nonfeasance on the part of the existing party." *Id.*

This Court does not find either of these two presumptions apply, because no party is a representative of the AG by law and the AG does not have the same ultimate objective as any of the current parties to the lawsuit. The claims made against the current defendants concern those defendants' actions, specifically their *application* of La. R.S. 14:404. (R. Doc. 13). Conversely, Plaintiff's request for a "declaratory judgment . . . declaring La. [R.S.] 14:404 to violate the ADA and Constitution" goes beyond Plaintiff's claims against the defendants. This Court finds that the defendants' ultimate objective is to defend their actions and application of La. R.S. 14:404, while the AG's ultimate objective is to defend the constitutionality of La. R.S. 14:404. *See Robinson v. Ardoin,* No. CV 22-211-SDD-SDJ, 2022 WL 1154607, at *4 (M.D. La. Apr. 19, 2022) (election rules in force are to be defended by the AG, and "the Court credits the distinction that the Secretary of State's focus is the *implementation* of laws, not defending their legality").

As the defendants and AG do not have the same ultimate objective, this Court concludes that the second presumption does not apply such that the AG need only show that the defendant's representation "may be inadequate." *Guenther,* 50 F.4th at 543 (citation omitted). The AG points

9

out that while the "actions of the named defendants will undoubtedly be vigorously defended" because "[a]llegations are made that the conduct of appointed state officials and employees violated the United States Constitution[,] the alleged constitutional deficiencies in La[. R.S.] 14:404, itself, require a defense by the State." (R. Doc. 28-1 at 4). This Court finds these statements adequately reveal a possibility that defendants' focus will be on defending their actions and application of La. R.S. 14:404, not on defending La. R.S. 14:404 itself. Thus, this Court finds the defendants' representation of the AG's interests may be inadequate. As all four of the requirements for an intervention of right have been met, the AG may intervene in this matter.

### III.  Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Motion to Intervene (R. Doc. 28) is **GRANTED**.

Signed in Baton Rouge, Louisiana, on January 29, 2025.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**