IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| Joshua Folks<br><br>*Plaintiff*<br><br>v.<br><br>Louisiana Attorney General Liz Murrill, Louisiana Department of Public Safety & Corrections, Warden Tim Hooper, Assistant Warden for Health Services Doe, Director of Medical Services Paul Toce, Medical Department Director Dan Lefleur, Acute Treatment Unit Director Doe, ADA Administrator Ashli Oliveaux, Dr. Gamble, Officer Doe, and EMT Doe, *Defendants* | Case No. 23-cv-01289 |

## ANSWER OF THE ATTORNEY GENERAL OF THE STATE OF LOUISIANA TO FIRST AMENDED COMPLAINT

NOW INTO COURT, comes Liz Murrill in her official capacity as Attorney General of the State of Louisiana, appearing for the purpose of defending the constitutionality of Louisiana Revised Statute 14:404 Self Mutilation by a Prisoner, and as Defendant-Intervenor denies each and every allegation contained in Plaintiffs' First Amended Complaint, express or implied, except as specifically admitted herein. Defendant-Intervenor Attorney General more particularly responds as follows:

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim or action sufficient to challenge the constitutionality of La. R.S. 14:404 .

### SECOND DEFENSE

The statutes challenged by Plaintiffs further a compelling state interest articulated in La. R.S. 14:404 that is paramount to any of the charges or alleged violations of federal law made by Plaintiffs in their Complaint.

## THIRD DEFENSE

Any alleged harm Plaintiff claims to have resulted from the operation or application of the challenged statute is too remote to support Plaintiff's claim of unconstitutionality and affords him no remedy against the statute.

AND NOW answering the particular allegations of the First Amended Complaint, the Attorney General of the State of Louisiana, in the capacity of Intervenor-Defendant, respectfully avers that:

## INTRODUCTION

I.

For lack of sufficient knowledge and information to either admit or deny the conclusory statements in Paragraphs 1-5, Defendant-Intervenor denies the allegations, claims and averments regarding constitutionality out of an abundance of caution.

II.

The jurisdictional basis contained in Paragraph 6 is not contested.

III.

The jurisdictional basis contained in Paragraph 7 is not contested

IV.

Venue is not contested.

## PARTIES AND STANDING

V.

2

The allegations contained in Paragraph 9 are denied for lack of sufficient information to justify a belief therein or form a response thereto.

VI.

The allegations of Paragraph 10 are admitted insofar as the Louisiana Department of Public Safety & Corrections is named as a defendant; the remaining allegations of paragraph 10 are denied for lack of sufficient information to justify a belief therein or form a response thereto.

VII.

The allegations of Paragraph 11 are admitted insofar as Tim Hooper is named as a defendant; the remaining allegations of paragraph 11 are denied for lack of sufficient information to justify a belief therein or form a response thereto.

VIII.

Paragraphs 12 - 20 are denied for lack of sufficient information to justify a belief therein or form a response thereto.

**FACTUAL ALLEGATIONS**

IX.

Paragraphs 20 - 27 are denied for lack of sufficient information to justify a belief therein or form a response thereto.

X.

Paragraphs 28 - 30 are denied for lack of knowledge and information to admit the veracity of its allegations.

XI.

Paragraphs 31 - 36 are denied for lack of sufficient information to justify a belief therein or form a response thereto.

XII.

Paragraphs 37 – 38 are admitted.

XIII.

Paragraph 39 faithfully quotes a selected part of the Louisiana Criminal Code referenced therein, which law is the best evidence of its content, and does not call for a response from Defendant-Intervenor; however, if a response is deemed required, the allegations are denied.

XIV.

For lack of sufficient knowledge and information to either admit or deny the conclusory statements in Paragraph 40, Defendant-Intervenor denies the allegations, claims and averments out of an abundance of caution.

XV.

For lack of sufficient knowledge and information to either admit or deny the conclusory statements in Paragraph 41, Defendant-Intervenor denies the allegations, claims and averments out of an abundance of caution.

XVI.

Paragraph 42 is denied for lack of sufficient information to justify a belief therein or form a response thereto.

XVII.

Paragraphs 43 - 52 are denied for lack of sufficient information to justify a belief therein or form a response thereto.

XVIII.

Paragraphs 53- 68 are denied for lack of sufficient information to justify a belief therein or form a response thereto.

XX.

Paragraphs 69- 84 are denied for lack of sufficient information to justify a belief therein or form a response thereto.

XXI.

Paragraphs 85 - 87 are denied for lack of sufficient information to justify a belief therein or form a response thereto.

XXII.

Paragraphs 88 - 93 are denied for lack of sufficient information to justify a belief therein or form a response thereto.

**CLAIMS FOR RELIEF**

**COUNT 1**

XXIII.

Paragraph 94 requires no response.

XXIV.

Paragraph 95 quotes selected parts of the Americans with Disabilities Act, which law is the best evidence of its content. Any allegations outside the quoted text of the statute are denied.

XXV.

Paragraph 96 quotes selected parts of the Americans with Disabilities Act, which is the best evidence of its content. Any allegations outside the quoted text of the statute are denied.

XXVI.

The allegations of Paragraph 97 state a legal conclusion rather than an allegation and do not call for a response from Defendant-Intervenor; however, to the extent, a response is required, the allegations of paragraph 97 are denied.

### XXVII.

Paragraph 98 is deemed admitted.

### XXVIII.

Paragraphs 99 – 104 are denied for lack of sufficient information to justify a belief therein or form a response thereto.

### COUNT 2

### XXIX.

Paragraph 105 requires no response.

### XXX.

Paragraph 106 quotes selected parts of the Rehabilitation Act, which law is the best evidence of its content. Any allegations outside the quoted text of the statute are denied.

### XXXI.

The allegations of Paragraphs 107 – 109 state legal conclusions and do not call for a response from Defendant-Intervenor; however, to the extent a response is required, the allegations of paragraphs 107-109 are denied.

### XXXII.

Paragraph 110 is denied for lack of sufficient information to justify a belief therein or form a response thereto.

### XXXIII.

Paragraphs 111 – 115 are denied for lack of sufficient information to justify a belief therein or form a response thereto.

## COUNT 3

### XXXIV.

Paragraph 116 requires no response.

### XXXV.

Paragraph 117 faithfully quotes a selected part of the United States Constitution referenced therein, which law is the best evidence of its content, and does not call for a response from Defendant-Intervenor.

### XXXVI.

Paragraph 119 are denied for lack of sufficient information to justify a belief therein or form a response thereto.

### XXXVII.

Paragraph 120 – 125 are denied for lack of sufficient information to justify a belief therein or form a response thereto.

## COUNT 4

### XXXVIII.

Paragraph 126 requires no response.

### XXXIX.

The allegations of Paragraph 127 state a legal conclusion and do not call for a response from Defendant-Intervenor; however, if a response is required, the allegations of paragraph 127 are denied.

XL.

The allegations of Paragraph 128 state a legal conclusion and do not call for a response from Defendant-Intervenor; however, if a response is required, the allegations of parargraph 128 are denied.

XLI.

Paragraph 129 draws a legal conclusion rather than states an allegation and is denied as an erroneous legal conclusion.

XLII.

Paragraphs 130-131 are denied for lack of sufficient information to justify a belief therein or form a response thereto.

XLIII.

Paragraph 132 draws a legal conclusion rather than states an allegation and is denied as an erroneous legal conclusion.

**COUNT 5:**
XLIV.

Paragraph 133 requires no response but is denied in an abundance of caution.

XLV.

The allegations of Paragraphs 134 – 136 state legal conclusions and do not call for a response from Defendant-Intervenor; however, if a response is deemed required, the allegations of paragraphs 134-136 are denied.

XLVI.

For lack of sufficient knowledge and information to either admit or deny the conclusory statements in Paragraphs 137 – 140, Defendant-Intervenor denies the allegations, claims and averments of Paragraphs 137-140.

**COUNT 6**

XLVII.

Paragraph 141 requires no response but is denied in an abundance of caution.

XLVIII .

Paragraph 142 is denied for lack of sufficient information to justify a belief therein or form a response thereto.

XLIX

Paragraphs 143 and 144 are denied.

L.

Paragraph 145 is denied for lack of sufficient information to justify a belief therein or form a response thereto.

**COUNT 7**

LI.

Paragraph 146 requires no response.

LII.

The allegations of Paragraphs 147 - 148 state legal conclusions and do not call for a response from Defendant-Intervenor; however, if a response is deemed required, the allegations of paragraphs 147-148 are denied.

LIII.

The allegations in Paragraphs 149 – 151 are denied.

WHEREFORE, Defendant-Intervenor Liz Murrill, in her official capacity as Louisiana Attorney General, prays that the Louisiana Attorney General's Answer to Plaintiff's First Amended Complaint and Affirmative Defenses be deemed good and sufficient, and after due proceedings that the demands of the Plaintiff be dismissed with prejudice, at Plaintiff's cost.

Respectfully Submitted,

LIZ MURRILL
LOUISIANA ATTORNEY GENERAL

*/s/ Terrel T. Kent*
Terrel T. Kent (LSBA No. 33215)
Carey T. Jones (LSBA No. 07474)
David Jeddie Smith, Jr. (LSBA No. 27089)
OFFICE OF THE ATTORNEY GENERAL
LOUISIANA DEPARTMENT OF JUSTICE
1885 N. Third St.
Baton Rouge, LA 70804
(225) 326-6000 phone
(225) 326-6098 fax
kentt@ag.louisiana.gov
jonescar@ag.louisiana.gov
smithda@ag.louisiana.gov

**CERTIFICATE OF SERVICE**

I do hereby certify that, on this 15th day of November 2024, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which gives notice of filing to all counsel of record.

*/s/Terrel T. Kent*
TERREL T. KENT