## Department of Public Safety & Corrections
### State of Louisiana
Louisiana State Penitentiary

JEFF LANDRY
**GOVERNOR**



JAMES M. LE BLANC
**SECRETARY**

STATE OF LOUISIANA
WEST FELICIANA PARISH
ANGOLA, LOUISIANA

I hereby certify that the attached documents are TRUE AND CORRECT copies of the
originals that are maintained at Louisiana State Penitentiary.

Certified Copy of ARP LSP 2021-2850

Delshadee Scott #153568

Ex-Officio Notary

Department of Public Safety & Corrections/LSP

Date: 1-26-2024

Joshua Folks 361917 Case

# EXHIBIT D-1

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES
OFFENDERS RELIEF REQUEST FORM

CASE NUMBER: LSP-2021 -2850

TO:  <u>JOSHUA FOLKS 361917</u>                          <u>TU UPPER D</u>
         Offender's Name and Number                    Living Quarters


<u>11/09/2021</u>
Date of Incident


X                              ACCEPTED:  This request comes to you from the Wardens Office.  A response will be
                               issued within 40 days of this date.

                               REJECTED:  Your request has been  rejected for the following reason(s):




<u>11/23/2021</u>                                          Nyesha Davis
Date                                                   Warden's Signature or Designee

Administration   Remedy   Procedure                    pg. 1 of 1

2021-2850      Ollie / Med Services    RECEIVED

TO: ARP                                Warden         NOV 12 2021

From: Joshua Folks #361917   T-U LTOC

Date: 11-9-2021                                 LEGAL PROGRAMS DEPARTMENT

Reason: Records Mental - Medical - Photos in Regard to Self Harm.
All Request below are all relevent to my Defense of Pending Charge

   I Joshua Folks #361917 has requested certain copies of my
own Mental health and Medical Records to include copies of Pictures
taken by both Security and Medical Staff, and has not yet been provid
with requested Records, I need those released records to be released to Me.

   The Reason I must obtain copies of Said records is Vital to
my defense of the Charge of Self-mutilation by prisoner Pending in
court of St. Mary Parish. The records will prove that I am on Strong
Psyciatric medication that is specifically to help manage my mental
condition, severe Self mutilation.

   I cannot remember the exact dates of the Self Harm. What I
need is copies #1 Proof of the Self Harm and reason for the use of extreme
watch using Handcuffs and Legirons by mental Health Between the date
of March - September of 2021 this year. Also of a copy of Diagnosis
of mental illnesses and the psychiatric medication perscribed by
Dr. Matthew Gamble. That is all i need of my mental Health Record.

   In order to prove in court that Self Harm had occured and the
severity of the Self Harm in fact happened I need a copy of the
medical Report by the medical staff and what Kind of injuries
and what Kind of medical treatment was required, including hospital
treatment outside of Angola. Including all emergency Surgeries I had
and the return treatment by outside Hospitals. The dates are the same
as the mental Health Dates above, being medical reporting to mental
health. They are relevent to each other.

   I need copies of the Photographs taken by both Security and me
of my injuries before receiving treatment. YES pictures were taken. And se
by cellphone to Headquarters by medical staff to Dr. Lavespere for a
on what to do. And Ass. warden over medical. Please keep in mind I am o
Parish Prisoner from St. Mary for my Safety. And I have not been convicte
of Any crime or Revoked I have no access to Any legal help. I've been
In LSP custody for 8 months with no ordered time. Thank you for

CASE NUMBER: LSP-2021-2850

FIRST STEP RESPONSE FORM (FIRST STEP RESPONDENT)

TO: <u>FOLKS, JOSHUA 361917</u>                    <u>TU UPPER D</u>
                                                            Living Quarters

Response to request dated , received in this office on 11/12/2021

In response to ARP 2021-2850 the following was found:

The Medical Records Department has your request for medical records and are in the process of gathering the information and determining the fee.

According to Department Regulation No. AM-D-5, section 11 Release of Information, part E. "Psychiatric medical records shall not be released without a court order except in exceptional situations when the Warden may approve the release of psychiatric records on a case-by-case basis if deemed beneficial to the offender and/or the Department."

According to medical records there are no copies of pictures in your medical record. Pictures may be located in your file, within the Investigation Department.

Your request for administrative remedy cannot be granted at this time.

Prepared by L. Dugote RN

Dr. Jacob C. Johnson, Ed.D, MSNPA, MPA, CLED
Long term Care Hospital Administrator

1/4/22
Date                                                          Unit Head

<u>Instructions to Offender:</u>  If you are not satisfied with this response, you may go to Step Two by checking below and forwarding to the ARP Screening Officer in the manila envelope within 5 days of your receipt of this decision.

( )  I am not satisfied with this response and wish to proceed to Step Two.

Reason:
_____
_____
_____

_____


_____
Date                                      _____
                                          Offender's Signature    DOC#

**LOUISIANA STATE PENITENTIARY**
**R.E. BARROW, JR. TREATMENT CENTER**
**CONSENT TO RELEASE INFORMATION**
**WAIVER OF CONFIDENTIALITY FORM**

All information that has been gathered on the individual is personal and private. Such information cannot be released without authorized written permission, except as required by law. All information shall be treated as confidential.

I understand that the information in the record of:

| NAME: JOSHUA FOLKS | DOC#: 361917 |
|---|---|
| DOB: 1-17-1978 | SOCIAL SECURITY #: 532-88-676 |

ADDRESS AT TIME OF TREATMENT:

| CITY: LSP | STATE: La | ZIP CODE: 70712 |
|---|---|---|

is personal and private, HOWEVER, I GIVE MY PERMISSION FOR:

| NAME: | LOUISIANA STATE PENITENTIARY |
|---|---|
| ADDRESS: | R. E. BARROW, JR. TREATMENT CENTER HEALTH INFORMATION MANAGEMENT DEPARTMENT |

| CITY: ANGOLA | STATE: LA | ZIP CODE: 70712 |
|---|---|---|

TO RELEASE TO:

| NAME: Gilbert Folks |
|---|
| ADDRESS: 203 Lacy St |

| CITY: Franklin | STATE: La | ZIP CODE: 7053? |
|---|---|---|

THE FOLLOWING SPECIFIC INFORMATION:

Entire Medical / Mental Records

DATE(S) OF TREATMENT: From 2015 - To Present Date

I understand that I have the right to refuse to disclose HIV results. I [ ] DO NOT AUTHORIZE release of HIV test results.

The above listed information is to be released for the specific purposes of:

Court Cases

I understand that my permission to release this information may be canceled at any time except when the information has already been released. My permission to release this information will expire: _____ / _____ / _____.

The undersigned certifies that he/she is the legal representative of the person listed above and has the legal authorization to sign on behalf of the person, who has by court order, or by operation of law.

X Joshua Folks                    2-25-21
Patient/Legal Representative Signature         Date              Witness              Date

LSP-TCHIM 01    Rev. 9/97              CONSENT TO RELEASE

STATE OF LOUISIANA
DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES

**Department Regulation**
**No. AM-D-5**



07 March 2011

ADMINISTRATION AND MANAGEMENT
Records Management
Offender Medical Records

1.   **OBJECTIVE:**   To provide a mechanism of organization and standardization regarding the format and the recording of entries into an offender's medical record and to provide guidelines regarding the storage of inactive medical records.

2.   **REFERENCES:**   Health Insurance and Portability Act of 1996; La. R.S. 40:1299.96 (A)(2)(b) and La. R.S. 44:36 (D); ACA Standards 4-4095, 4-4096, 4-4099, 4-4396 and 4-4413 through 4415 (Adult Correctional Institutions) and Health Care Policy No. HCP9 "Confidentiality."

3.   **POLICY:** It is the Secretary's policy that an offender's health information shall be lawfully protected while allowing access to health information required to provide and promote quality health care, to protect the offender's health and well being and to further the legitimate purposes of the Department, public health agencies and law enforcement agencies as detailed herein.

4.   **APPLICABILITY:**   Deputy Secretary, Chief of Operations, Department's Medical/Mental Health Director, Regional Wardens and Wardens. Each Warden is responsible for ensuring that appropriate unit written policy and procedures are in place to comply with the provisions of this policy.

5.   **PROCEDURES:**

   A.   All offenders entering the system shall have a medical record initiated during the reception process.

   B.   All medical records shall be stored in a confidential and secure manner, safe from unauthorized use.

   C.   Medical records shall be retained in the original or microfilmed or similarly reproduced form which does not adversely affect their function.

   D.   The medical record shall contain the following items filed in a uniform manner:

Department Regulation No. AM-D-5
07 March 2011
Page Two

1)  Patient identification on each sheet;
2)  Completed receiving screening form;
3)  Health appraisal data forms;
4)  Problem summary list which shall be updated during every health care practitioner visit;
5)  Record of immunizations;
6)  All findings, diagnoses, treatments and dispositions;
7)  Record of prescribed medications and their administration records, if applicable;
8)  Laboratory, x-ray and diagnostic studies;
9)  Place, date and time of health encounters;
10) Health services reports (e.g., emergency department, dental, mental health, telemedicine or other consultations);
11) Individualized treatment plans, including notations of any disabilities and need for auxiliary aids, when applicable;
12) Progress reports;
13) A discharge summary of hospitalization and other termination summaries;
14) Legible signature (includes electronic) and title of the provider (may use ink, type or stamp under the signature);
15) Consent and refusal forms;
16) Release of information forms;
17) Documentation of all occasions of medical and mental health service provided both on-site and off-site for inpatient or ambulatory encounters.

E.  The method of recording entries in the records, the form and format of the records and the procedures for their maintenance and safekeeping shall be approved by the Health Authority. The medical record is made available to and is used for documentation by all health care professionals.

F.  Each medical record shall be considered a written, individual treatment plan, which includes directions to health care and other personnel regarding their roles in the care and supervision of the offender.

6.  **CONFIDENTIALITY OF MEDICAL RECORDS:**

Any information that is derived from a clinical relationship between an offender and a healthcare provider is confidential information. All offender medical records shall be considered confidential.

Department Regulation No. AM-D-5
07 March 2011
Page Three

    A.    The medical record shall be stored securely and separately from the Master Record with access controlled by the Health Authority or designee.

    B.    Medical information shall not be disclosed to anyone except in accordance with Health Care Policy No. HCP9 "Confidentiality" and applicable state and federal law.

    C.    The Health Authority or designee may share information regarding an offender's medical management with the Warden.

    D.    All offender medical records that are transferred to another institution shall be done so in a confidential manner.

    E.    Offenders shall not be allowed access to their medical record or the medical record of other offenders unless authorized by the Warden or designee.

7.    INACTIVE MEDICAL RECORDS:

    A.    Inactive medical records shall be reactivated (if available) if the offender returns to the Department's custody.

    B.    Inactive medical records shall be retained as permanent records in compliance with the legal requirements of the state of Louisiana for a period of six years from the date the full-term sentence imposed upon the offender expires or six years from the date of death. Medical record information is transmitted to specific and designated physicians or medical facilities in the community on the written request/authorization of the offender.

8.    DOCUMENTATION PRACTICES:

    A.    Each entry into the medical record shall have the offender's identifying information, the date, time and place of the health encounter.

    B.    Each entry into the medical record shall be typed or handwritten in ink. The entry shall be signed legibly by the appropriate health care professional. This provision shall not apply to electronic medical records.

9.    MEDICAL RECORD ORGANIZATION:

    A.    The medical record shall be organized in a standard format using a ten section 12 ¼" wide by 9 ½" high medical record folder. The format of the medical record is source oriented. This includes a separate section for

Department Regulation No. AM-D-5
07 March 2011
Page Four

each category of record. In addition, some sections may have sub-section dividers within to help quickly identify information. Sections III, VI and VIII shall not have sub-section dividers.

B.      Each medical record shall have the offender's DOC # placed with stickers on the side of the medical record. Each medical record shall be labeled across the front of the chart with the offender's name, DOC number, volume number, allergies and any other special precautions. The charts shall be labeled and dated on the front when an offender is released or deceased.

C.      All documents contained in the medical record shall be filed in "reverse" chronological order, having the most recent information on top. Each subsection within the categorical section shall be filed in "reverse" chronological order.

D.      When the medical record meets the maximum expansion capability, the record shall be divided. This is done by removing the current and most pertinent documentation and placing it in a new medical record. The new medical record shall be the active volume. All volumes (active and old) shall be labeled accordingly. A multi-volume label shall be placed on the medical records (e.g., Volume Two of Three.)

10.   **MEDICAL RECORD CHART ORDER AND FORMAT:**

A.      Section I-Miscellaneous

   1)      Miscellaneous correspondence.

   2)      Miscellaneous memorandums and multiple nursing treatment notes (these are documented nursing encounters of routine care, i.e. wound care, weight, accuchecks, etc.)

   3)      Authorization for release of information. Any consent to release information (medical or mental health) while the offender is incarcerated.

B.      Section II-Reception and Diagnostic and Transfers

   1)      Infection control (includes TB, flu, pneumovax and immunization.)

   2)      Documentation

      a.      Transfer summaries;

Department Regulation No. AM-D-5
07 March 2011
Page Five

                b.    Intake screening form;
                c.    Medical access and medical co-payment explanation form;
                d.    Reception and diagnostic health appraisals;
                e.    Standing orders, if applicable;
                f.    Orientation form.

     3)    Health consequences of illegal activities.

     4)    Master Prison Record, if applicable.

C.    Section III-Medication Administration Record

     1)    Medication Administration Records.

D.    Section IV-Duty Status and Diet Slips

     1)    Duty Status;

     2)    Diet Slips.

E.    Section V-Case Summary and Test Results

     1)    Master problem list and flowsheets:

            a.    Problem Summary List;
            b.    Flowsheet recordings of multiple measurements.

     2)    Laboratory results.

     3)    EKG's.

     4)    Radiology reports (on-site.)

     5)    Unusual laboratory/diagnostic results.  (These results are from outside facilities including nuclear medicine reports, ultrasounds, echocardiograms, audiology reports, treadmill reports and CT scans performed while incarcerated.)

    Note:  All test results shall be filed here regardless of where they are performed.

F.    Section VI-Outpatient Encounters

Department Regulation No. AM-D-5
07 March 2011
Page Six

       All outpatient medical encounters on-site and off-site with the offender by health care professionals.

       1)      Physician's outpatient progress notes;
       2)      Unique encounter-type nursing documentation;
       3)      Sick call documentation;
       4)      Emergency sick call documentation;
       5)      Notes documenting specialty medical encounters (in-house and outside referrals);
       6)      Single sheet, outpatient surgery notes;
       7)      Return specialty clinic recommendations;
       8)      Chronic clinic notes;
       9)      Annual physical examinations;
       10)    Discharge summaries from outside hospitalizations;
       11)    Telemedicine documentation.

       Note:  Excludes notes by a mental health worker, psychiatrist, dentist or optometrist.

G.     Section VII-Old Medical Records and Referral Paperwork

       1)      Copies of medical records before incarceration.

       2)      Authorization to obtain medical information.

H.     Section VIII-Mental Health Evaluations and Treatments

       1)      Contact notes;
       2)      MH consultation notes;
       3)      Request for psychiatric/psychological evaluation;
       4)      Nursing psychiatric progress notes;
       5)      AIMS examination;
       6)      Mental health advisory;
       7)      Psychosocial assessment;
       8)      Notification of transfer;
       9)      Notification of hearing;
       10)    Substance abuse assessment form;
       11)    Mental Health LOC, service code documents and reception and diagnostic assessment data;
       12)    Code change requests;
       13)    All reception and diagnostic clinical reports;
       14)    Risks and precautions;
       15)    Mental health management order;
       16)    Suicide watch log sheet;
       17)    Mental health behavioral checklist;

Department Regulation No. AM-D-5
07 March 2011
Page Seven

         18)    Psychological testing;
         19)    Psychiatric progress notes.

I.    Section IX-Dental, Optometry and Audiology

    1)    Dental

        Dental evaluations, recommendations, consent for oral surgery, refusal forms and acknowledgement of receipt of dentures, partials, etc.

    2)    Optometry

        Optometry evaluations, recommendations, refusal forms and acknowledgement of receipt of eyeglasses.

    3)    Audiology

        Initial hearing screening, audiology evaluation, recommendations, refusal forms, election forms and acknowledgement of receipt of hearing aids.

J.    Section X-Outside Hospitalization Nursing Unit Admission Record

Each admission may have a subsection tab labeled with the dates of admission and discharge. Each admission is filed with the most recent on top. The Nursing Unit Record includes all events that occur while the offender is admitted on the Nursing Unit. Documentation that is generated that has a designated section for filing shall be filed in those particular sections after the offender is discharged from the Nursing Unit. All specialty consultation, both on-site and off-site, that occurs while an offender is admitted to a Nursing Unit shall be filed in Section VI after the offender is discharged from the unit.

11.    **RELEASE OF INFORMATION:**

A.    Medical records, except psychiatric records (which includes any psychological or mental health records), shall be available to anyone having a legitimate interest, provided the offender or in case of death, the legal heir or next of kin, has consented in writing to their release utilizing the Authorization to Release Medical Information (Form AM-D-5-a.) Upon receipt of advance payment of the copying charges, the medical records shall be released. (See Section 13. "Fees for Copying Medical Records" for additional information.)

Department Regulation No. AM-D-5
07 March 2011
Page Eight

B.     A signed authorization is also needed for the Office of Family Support-Disability Determination. The Health Information Management Department shall compare the signature of the offender with other signatures in the medical record to ensure authenticity of the signature.

C.     Information from the medical record may be disclosed to Department employees to use and the divulging of such information may only be the minimum necessary amount of information required to complete the desired task.   Medical charts, records, reports, documents and other memoranda prepared by physicians, surgeons, psychiatrists, nurses and employees of the Department may be released, without consent of the offender, to the following when they are legitimately and properly interested in the disease or in the condition of the patient:

1)     Board of Parole;
2)     Board of Pardons;
3)     Governor;
4)     Health care practitioners;
5)     Hospitals, clinics and nursing homes;
6)     Courts (whenever the past or present condition is the issue or is relevant in any judicial proceeding);
7)     Other appropriate governmental agencies or officials when access to such information is imperative for discharge of the responsibilities of the requesting agency or officer;
8)     Probation and Parole Officers;
9)     Public health activities; and
10)    Law enforcement agencies when such information is relevant to a criminal investigation, judicial or administrative proceeding.

Verbal requests made by the parties listed above are acceptable. However, the Warden or designee reserves the right to require a written request before releasing any information.  The individual or agency shall certify in writing that they will not release the information to any other agency and shall maintain the confidentiality of the information. Any other access/release shall be approved by the Warden or designee before access shall be granted.  In this case, it shall be restricted to a legitimate need-to-know basis.

D.     A patient's written authorization is not required for release of information when release is to another health care practitioner currently providing care to the offender.

Department Regulation No. AM-D-5
07 March 2011
Page Nine

E. Psychiatric medical records shall not be released without a court order except in exceptional situations when the Warden may approve the release of psychiatric records on a case-by-case basis if deemed beneficial to the offender and/or the Department.

F. When a request for medical records is made through a power of attorney, the institution must have documentation that authenticity of the power of attorney has been verified.

G. The Advocacy Center shall have access to all records of any individual who is a client, if such individual, legal guardian, conservator or other legal guardian has authorized the Advocacy Center to have access. All inquires made by Advocacy Center representatives shall be directed to the Headquarters Legal Section for consideration.

H. The Department does not conduct covered transactions defined in the Health Insurance and Portability Act of 1996 (HIPPA) and therefore, is not a "covered entity" under HIPPA.

I. Additional information is available on the attached Health Information Disclosure Reference Chart.

12. SUBPOENAED RECORDS:

A. Whenever any medical record is subpoenaed (except in the case of medical records for which a release has been obtained), the pertinent records shall be submitted to the appropriate court for a ruling as to whether the information should be made available to the person who caused the subpoena to be issued.

B. The Headquarters Legal Section shall examine the information and shall withhold the information should it find a protective order is necessary for the following reasons:

1) That the information is not relevant to the proceedings;
2) That the information was derived from communications which were obviously made in confidence that they would not be disclosed;
3) That confidentiality is essential to future useful relations between the source and the recorder of the information.

13. FEES FOR COPYING MEDICAL RECORDS:

A. Collection of Fees for Reproduction of Medical Records

Department Regulation No. AM-D-5
07 March 2011
Page Ten

|  | |
|---|---|
| First 25 pages | $1.00 per page |
| From 26 to 350 pages | $0.50 per page |
| More than 350 pages | $0.25 per page |
| Handling Fee | Not to exceed $25.00 |
| Postage | Actual Postage Cost |

B. Collection of Fee for Reproduction of X-rays, Microfilm and Electronic Imaging Media

|  | |
|---|---|
| Each Media | Actual Reproduction Cost |
| Handling Fee | $10.00 |

D. If treatment records are generated, maintained or stored in digital format, copies may be requested to be provided in digital format and charged at the rate stated in Section 13.A.; however, the charges for providing digital copies shall not exceed one hundred dollars, including all postage and handling charges actually incurred.

E. If X-rays and other imaging media are generated, maintained or stored in digital format, copies may be requested to be provided in digital format and charged at the rate stated in Section 13.B.; however, the charges for providing digital imaging media copies shall not exceed two hundred dollars, including all postage and handling charges actually incurred.

F. Each request for records submitted by the offender or other person authorized to request records pursuant to the provisions of this policy shall be subject to only one handling charge, and the institution shall not divide the separate requests for different types of records, including but not limited to, billing or invoice statements. The institution shall not charge any other fee which is not specifically authorized by this regulation and applicable law, except for notary fees and fees for expedited requests as contracted by the parties.

s/James M. Le Blanc
Secretary

Attachment:  Health Information Disclosure Reference Chart

Form: AM-D-5-a    Authorization to Release Medical Information

This policy supersedes Health Care Policy No. HC-33 dated 10 November 2010.

Reviewed as of:  October 1, 2019

CASE NUMBER:  LSP-2021-2850

FIRST STEP RESPONSE FORM (FIRST STEP RESPONDENT)

TO: <u>FOLKS, JOSHUA 361917</u>                    <u>TU UPPER D</u>
                                          Living Quarters

Response to request dated , received in this office on 11/12/2021

In response to ARP 2021-2850 the following was found:

The Medical Records Department has your request for medical records and are in the process of gathering the information and determining the fee.

According to Department Regulation No. AM-D-5, section 11 Release of Information, part E. "Psychiatric medical records shall not be released without a court order except in exceptional situations when the Warden may approve the release of psychiatric records on a case-by-case basis if deemed beneficial to the offender and/or the Department."

According to medical records there are no copies of pictures in your medical record. Pictures may be located in your file, within the Investigation Department.

Your request for administrative remedy cannot be granted at this time.

Prepared by: L. Dusote RN

Dr. Jacob C. Johnson, Ed.D, MSNPA, MPA, CLED
Long term Care Hospital Administrator

1/4/22
Date

Unit Head

<u>Instructions to Offender:</u> If you are not satisfied with this response, you may go to Step Two by checking below and forwarding to the ARP Screening Officer in the manila envelope within 5 days of your receipt of this decision.

(✓) I am not satisfied with this response and wish to proceed to Step Two.

Reason: This is an exceptional Situation being I'm charged with a charge that involes my medical/psychiatric records. Self-mutilation by prisoner. A felony. my records can prove lack of intent and proves it is a part of my mental illn

01 - 06 - 2022
Date

Joshua Falb 361917
Offender's Signature    DOC#

LOUISIANA STATE PENITENTIARY

ANGOLA, LOUISIANA

RECEIVED

JAN 11 2022

Legal Programs Department

ARP NUMBER:  LSP - 2021 - 2850

RE:  JOSHUA FOLKS    361917

LOCATION:  TU 4/D

I HEREBY ACKNOWLEDGE RECEIPT OF 1ST STEP RESPONSE FORM REGARDING REQUEST
FOR REMEDY NUMBER LSP-2021-2850.

RECEIVED BY:  Joshua Folks  361917
                    (INMATE'S NAME & NUMBER)

DATE RECEIVED:  1 - 6 - 22

DELIVERED BY:  Capt. Keith

===============================================================================

1.    Have the inmate sign this receipt.

2.    Delivery Officer signs the receipt and dates it.

3.    Give the Inmate the Manila Envelope and contents.

4.    Return the receipt to LEGAL PROGRAMS DEPARTMENT.

Due Back By
1-14-2022

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES

CASE NUMBER:  LSP-2021-2850

SECOND STEP RESPONSE FORM
(HEADQUARTERS)

TO: <u>FOLKS, JOSHUA   361917</u>                    <u>LSP</u>
       Offender Name and Number                               Living Unit

Received in this Office on 2/02/2022:

Your request for an Administrative review of ARP# LSP-2021-2850  has been received.  A qualified
member of the Headquarters staff has reviewed your request in order to render a fair and impartial
response.

You contend that your rights have been violated when you were not given copies of your Mental Health
Record.  A review of the record indicates that the first step response has appropriately addressed your
issues.  Staff's action is in accordance with Department Regulation #AM-D-5.  No further investigation is
warranted.  Your request for relief is denied.


_____              _____
               Date                                        Secretary's Signature or His Designee

LOUISIANA STATE PENITENTIARY
ANGOLA, LOUISIANA

INMATE:   361917 JOSHUA FOLKS

LOCATION:   TU UPPER E     TC W1 L/R PAT

**RECEIVED**

MAR 3 1 2022

LEGAL PROGRAMS DEPARTMENT

<u>ACKNOWLEDGMENT OF RECEIPT OF SECOND STEP RESPONSE</u>

This will acknowledge receipt of the SECOND STEP response
(SECRETARY'S RESPONSE) OF ARP #LSP-2021-2850 .

RECEIVED BY: _John Folks 361917_

DATE RECEIVED: _03-30-2022_

DELIVERED BY: _Nathan Kennelech_

=================================================================
PLEASE READ THE FOLLOWING
INSTRUCTIONS TO DELIVERY OFFICER:

1.   Have the inmate sign and date the second step portion of
     the BROWN ENVELOPE MARKED WITH *** acknowledging receipt of the
     second step response.
     **PLEASE HAVE BOTH AREAS WITH THE *** SIGNED BEFORE YOU RETURN TO LEGAL.**

2.   Have the inmate sign BOTH AREAS OF this receipt.

3.   Delivery Officer MUST sign receipt and date it.

4.   Give the inmate the contents of the envelope.

5.   Return the BROWN envelope and the receipt to LEGAL PROGRAMS DEPARTMENT