EXHIBIT 14

**STATE OF LOUISIANA**
**DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS**
**CORRECTIONS SERVICES**

**Department Regulation**
**No. HCP37**



**23 March 2018**

**INSTITUTIONAL SERVICES / HEALTH CARE POLICIES**
**Health Care Policy – Special Services and Accommodation**
**Americans with Disabilities Act for Offenders**

1.  **AUTHORITY:**  Secretary of the Department of Public Safety and Corrections as contained in Chapter 9 of Title 36; Louisiana Constitution Art. 1 § 3 "Right to Individual Dignity" and § 12 "Freedom from Discrimination;" Title VII of the Civil Rights Act of 1964 and 1991; Age Discrimination in Employment Act of 1967 (ADEA); Americans with Disabilities Act of 1990 (ADA) as amended; Civil Rights for Handicapped Persons - La. R.S. 46:2251 et seq.; Rehabilitation Act of 1973; 28 C.F.R. § 35.104 and 28 C.F.R. § 39.103; La. R.S. 40:1731 et seq., 46:2365, 49:145 et seq. and 51:2231 et seq. PREA Standard §115.16; Resolution Agreement of Department of Justice, Office of Justice Programs, Office for Civil Rights Complaint Number 02-OCR-0253; Resolution Agreement of Department of Justice, Complaint Number DJ # 204-32M-55

2.  **REFERENCES:** ACA Standards 4-4142, 4-4143, 4-4144, 4-4277, 4-4429, and 4-4429-1 (Adult Correctional Institutions); 1-ABC-3D-04 and 1-ABC-2C-08 (Adult Boot Camps); 2-3111 and 2-3132 (Adult Probation and Parole Field Services); Department Regulation Nos. OP-C-13 "Administrative Remedy Procedure," HCP36 "Communication with the Hearing Impaired," and AM-C-1 "Offender Incentive Pay and Other Wage Compensation;" The Louisiana Register dated June 20, 2016 42 U.S.C. § 12101.

3.  **PURPOSE:**  To ensure compliance with the Americans with Disabilities Act (ADA) as it pertains to offenders with disabilities; to provide formal procedures to request accommodations, as well as for those requests to be reviewed and decided upon.

4.  **APPLICABILITY:**  Deputy Secretary, Undersecretary, Chief of Operations, Assistant Secretary, Regional Wardens, Wardens, Director of Probation and Parole, Director of Prison Enterprises and offenders who have a disability. Each Unit Head is responsible for ensuring that appropriate unit written policy and procedures are in place to comply with the provisions of this regulation.

5.  **POLICY**: In accordance with the ADA, it is the Secretary's policy that the Department shall provide all offenders with equal access to housing, programs, services, and the use of facility resources, regardless of an offender's disability. This access shall be provided to the extent possible that it is consistent with the offender's classification and within the context of the Department's fundamental mission to preserve the safety of the public, employees, and offenders.

6.  **DEFINITIONS:**

**Department Regulation No. HCP37**
**23 March 2018**
**Page Two**

**A. ADA Coordinator**: The staff person designated by the Unit Head to ensure that offenders with disabilities have an equal opportunity to participate in all services, programs and activities of the Department, to which they are entitled, by ensuring that any new or existing policies, offender educational material, structural deficiencies, unit protocols particularly related to reporting, accessing and documentation of supportive services and medical/mental health treatment are handled appropriately. For the purpose of this regulation, an appropriately trained and qualified individual is one who has been designated by the Unit Head to coordinate efforts to comply with and carry out responsibilities defined by the ADA. That individual shall develop relationships with, and use the expertise of institutional staff, advocacy groups, nonprofit organizations, agencies of government, and/or others that have relevant knowledge and experience.

**B. Americans with Disabilities Act (ADA)**:  A comprehensive federal law outlined in 42 U.S.C. § 12101 et seq. which requires the State to provide equal access for people with disabilities to programs, services and activities of the Department.

**C. ARP Screening Officer:** A staff member, designated by the Warden, Director of Prison Enterprises, or the Director of Probation and Parole whose responsibility is to coordinate and facilitate the Administrative Remedy Procedure process.

**D. Auxiliary Aids and Services (AAS)**: Auxiliary aids means services or devices that enable persons with impaired sensory, manual, or speaking skills to have an equal opportunity to participate in, and enjoy the benefits of, programs or activities conducted by the Department or for the Department.

External aids used to assist people who are deaf or hard of hearing to ensure effective communication may include a qualified interpreter (sign language or oral interpreters), written materials, telephone handset amplifiers, assistive listening devices, telephones compatible with hearing aids, closed caption decoders, open and closed captioning, telecommunication devices for deaf persons (TDD/TTY or videophones), videotext displays or other effective methods of making aurally delivered materials available to individuals with hearing impairments.

**E. Disability**: Is a physical or mental impairment:

    1) A physiological disorder, or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genitourinary, hemic and lymphatic, skin, and endocrine; or

    2) Any mental or psychological disorder, such as mental retardation, organic brain syndrome, emotional or mental illness, and specific learning disabilities.

NOTE: The following are not included in the definition of disability/impairment:

001883

**Department Regulation No. HCP37**
**23 March 2018**
**Page Three**

- Common personality traits, such as a quick temper (not otherwise connected to another mental disorder);\
- Physical characteristics, such as height or hair color;
- Pregnancy;
- Environmental, cultural, or economic disadvantage (like poverty);
- Current illegal drug use (though successfully rehabilitated drug addicts may be disabled);
- Homosexuality, bisexuality, transvestism, gender identity disorders (not resulting from physical impairments) and transsexualism;
- Pedophilia, exhibitionism, voyeurism, and other sexual behavior disorders; or
- Compulsive gambling, kleptomania, or pyromania.

**F. Disability Discrimination Grievance**: A grievance alleging discrimination in the provision of access, housing, programs, services or the use of facility resources because of one's disability.

**G. Major Life Activity**:  Walking, seeing, hearing, breathing, caring for one's self, sitting, standing, lifting, learning, thinking, working and reproduction.  This list is illustrative only.  The impairment to a major life activity must be long term.

**H. Offender**:  Anyone committed to the physical custody of the Department of Public Safety and Corrections or under the supervision of the Division of Probation and Parole.

**I. Qualified Interpreter**:  An interpreter who is able to interpret effectively, accurately and impartially both receptively and expressively, using any necessary specialized vocabulary. The interpreter may be a third party interpreter or an offender interpreter who has been deemed qualified pursuant to the testing outlined in Department Regulation AM-C-1 "Offender Incentive Pay and Other Wage Compensation."  The choice of interpreter lies with the disabled offender seeking assistance in all situations except for high risk circumstances as defined in Department Regulation HCP36, "Effective Communication."

**J. Reasonable Accommodation (for an Offender)**:  For the purpose of this regulation, reasonable and approved modifications or adjustments, which enable offenders with disabilities to access housing, programs, services, and facility resources that are available to persons without disabilities in the same classifications.   A reasonable accommodation is not necessarily the accommodation requested.

**K. Requestor**:  A person who requests an accommodation for a disability.

**L. Undue Hardship**: An accommodation that would be unduly costly, extensive, or substantial.

**7.    PROCEDURES:**

**Department Regulation No. HCP37**
**23 March 2018**
**Page Four**

A.    **Access for Offenders with Disabilities**

1)    Discrimination on the basis of an offender's disability in making administrative decisions and in the provision of services, programs, and activities shall be is prohibited. Each Unit Head or ADA Coordinator shall ensure offenders are provided equal opportunities to participate in all institutional services, programs, and activities to which they are otherwise entitled and which accommodation will not change the nature or purpose of the service, program or activity.

2)    Housing: Each Unit Head or ADA Coordinator shall ensure offenders with disabilities are housed in a manner that provides for their safety and security. Housing used by offenders with disabilities shall be designed for their use and provide for integration with other offenders. Each Unit Head or ADA Coordinator shall ensure programs, services, and activities are accessible to offenders with disabilities who reside in the facility.

3)    Each Unit Head shall ensure offenders have access to the following:

a.    ADA Coordinator;
b.    Programs designed to educate and assist disabled offenders; and
c.    All legal requirements for the protection of offenders with disabilities.

4)    Each Unit Head shall ensure the provision for the assignment of appropriately trained individuals including offender walkers and other appropriate offender job classifications to assist disabled offenders who cannot otherwise perform basic life functions.

5)    Each Unit Head shall ensure the provision of education, equipment, and facilities, and the support necessary for offenders with disabilities to perform self-care and personal hygiene.

B.    **Reasonable Accommodations**

1)    Equal access to housing, programs, services, and the use of facility resources may include reasonable accommodations, which include, but are not limited to facility modifications, and AAS and change in duty status.

2)    An offender with a disability shall be accommodated where reasonably possible.

3)    However, such accommodations shall not change the nature and/or substance of the housing, program, service or facility resource. The accommodation need not be granted if it would impose an undue hardship or constitute a danger to the public, employees, or offenders.

001885

**Department Regulation No. HCP37**
**23 March 2018**
**Page Five**

    4) No requestor has the right to a particular accommodation. Medical opinion is the primary consideration for determining the appropriate accommodation.

**C. Procedure for Requesting an Accommodation/ Submitting a Disability Discrimination Grievance**

    1) **Requesting Accommodations/Submitting a Disability Discrimination Grievance**

        The ADA does not require that a request for accommodation be provided in any particular manner; therefore, the Department is charged with having knowledge, or deemed with having knowledge, of the request, regardless of the form of the request.

        a. Offender Request

            i. Requests for accommodation or a grievance concerning disability discrimination shall be completed, in writing, via the administrative remedy procedure (ARP) process. (See Department Regulation No. OP-C-13 "Administrative Remedy Procedure" for more information.) The timelines and procedures outlined in this regulation shall govern all ADA requests. This practice will ensure that the offender has the right to appeal and to seek judicial review if the offender is dissatisfied with the response. An offender may request an accommodation either in writing or verbally.

                a) Request in writing: An offender may submit a written request for accommodation or a disability discrimination grievance by completing an Administrative Remedy Procedure Form (Form OP-C-13-ARP-1).

                b) Verbal Request: If an offender makes a verbal request for an accommodation or has a grievance concerning disability discrimination to an employee, the employee shall direct and/or assist the offender in writing his request on the Administrative Remedy Procedure Form (Form OP-C-13-ARP-1).

            ii. The Administrative Remedy Procedure Form (OP-C-13-ARP-1) shall be submitted to the ARP Screening Officer. The ARP Screening Officer shall note on the form that it is an ADA request and forward it to the unit ADA Coordinator.

        b. Employee Request on Behalf of the Offender

001886

**Department Regulation No. HCP37**
**23 March 2018**
**Page Six**

Employees who are aware of or have reason to believe that an offender has a disability for which he may need accommodation shall make a request in writing to the unit ADA Coordinator, who shall evaluate the circumstances to determine if accommodations are required.

2) **Review Process: Requests for Accommodation/Grievance Concerning Disability Discrimination**

a. Upon receipt of a request for accommodation or a grievance concerning disability discrimination (whether the Administrative Remedy Procedure Form (Form OP-C-13-ARP-1) from the offender or informal request from an employee on behalf of the offender), the unit ADA Coordinator shall determine the following:

   i. If the medical condition is of a temporary or long-term nature;

   ii. If additional medical information is needed;

   NOTE: At this point in the process, the unit ADA Coordinator may request the following information from the Unit Medical Director or designee:

   a) What specific symptoms and functional limitations are creating barriers;

   b) Are the symptoms and limitations predictable, subject to change, stable or progressive; and

   c) How the symptoms and limitations impact the offender's ability to fully participate in the activities and services provided.

   iii. Whether the medical condition impairs a major life activity.

b. The unit ADA Coordinator or medical staff designee shall begin a dialogue with the requestor regarding a possible resolution of the problem. The unit ADA Coordinator shall complete the Inquiry in Response to an Offender Accommodation Request (Form HCP37-a) and ensure the information is recorded in the ADA database.

   NOTE: A change in duty status may resolve the problem.

c. The unit ADA Coordinator shall ensure that all requests for accommodation are properly and timely entered into the Department's ADA database.

001887

**Department Regulation No. HCP37**
**23 March 2018**
**Page Seven**

3)    **Rendering Decisions on Accommodation Requests and Disability Discrimination Grievances**

a.    When a request for accommodation or a grievance concerning disability discrimination is received, the ARP Screening Officer shall check the box noting that the grievance is an ADA concern. The Screening Officer will then submit the grievance to the unit ADA Coordinator.

b.    The unit ADA Coordinator shall consider each accommodation request and grievance concerning disability discrimination on a case-by-case basis.

c.    An exception to the need to make an accommodation includes, but is not limited to, the following:

    i.    Not a qualified disability;
        a.    Threat to one's self or others.  Considerations include:

            a)    Duration of the risk involved;
            b)    Nature and severity of the potential harm;
            c)    Likelihood the potential harm will occur;
            d)    Imminence of the potential harm; and
            e)    Availability of any reasonable accommodation that might reduce or eliminate the risk.

    ii.    Undue hardship.  Considerations include:

            a)    Scope of the accommodation;
            b)    Cost of the accommodation;
            c)    Budget of the Department; and
            d)    Longevity of the accommodation.

NOTE: The decision to use undue hardship as an exception may only be made by the Headquarters ADA Coordinator after consultation with the Undersecretary. A unit ADA Coordinator recommending the use of undue hardship as an exception shall send a written description of the problem with the requested accommodation and the difficulty anticipated by the unit to the Headquarters ADA Coordinator.

    iii.    Alteration would fundamentally change the nature of the service, program or activity.

d.  The unit ADA Coordinator shall render a decision on the accommodation request or a grievance concerning a disability and

001888

**Department Regulation No. HCP37**
**23 March 2018**
**Page Eight**

utilize the Administrative Remedy Procedure First Step Response (Form OP-C-13-ARP-2) to inform the requestor in writing of the decision, the reason for the decision and, if applicable, the accommodation to be made, including any specific details concerning the accommodation.  The Administrative Remedy Procedure First Step Response (Form OP-C-13-ARP-2) shall be utilized and include the language to inform the requestor of the right to appeal the decision through the Second Step of the ARP process.

e.  For each decision rendered, the unit ADA Coordinator shall forward a copy of the packet of information containing the decision, all information used to reach a decision and all attempts to resolve the request to the Headquarters ADA Coordinator.

4)  **Appeals: Decisions regarding Accommodation Requests or Grievances concerning Disability Discrimination**

a.  Department Regulation No. OP-C-13 "Administrative Remedy Procedure" outlines the Department's formal grievance mechanism through which a requestor may seek formal review of a complaint relative to any request for reasonable accommodation or any claim of disability discrimination.

b.  The requestor has the right to appeal the accommodation request or a grievance decision concerning disability discrimination through the Second Step of the ARP process in accordance with Department Regulation No. OP-C-13 "Administrative Remedy Procedure."

c.  The Secretary shall render a decision on the requestor's complaint and utilize the Administrative Remedy Procedure Second Step Response (Form OP-C-13-ARP-3) to inform the requestor in writing of the decision. The Administrative Remedy Procedure Second Step Response (Form OP-C-13-ARP-3) shall be issued after consultation with the Headquarters ADA Coordinator.

**D.    Retaliation**

No form of retaliation shall be taken against any requestor seeking an ADA accommodation or against any offender, employee, or visitor who complains of or submits a grievance concerning disability discrimination.  Any employee who retaliates may be subject to disciplinary action up to and including termination.

**8.    MONITORING REQUIREMENTS/ REPORTS:**

001889

**Department Regulation No. HCP37**
**23 March 2018**
**Page Nine**

A.    The Headquarters ADA Coordinator shall maintain records of all requests for accommodation made throughout the Department.

B.    To ensure uniform and consistent compliance with the provisions of this regulation, the Headquarters ADA Coordinator shall maintain and track statistics concerning all requests for accommodation from offenders and the nature and outcome of the accommodations requested. (Note: For documentation purposes, utilize Offender ADA Tracking Form (Form HCP37-b).

C.    If a pattern becomes apparent regarding accommodation denials following review of the statistics contained the ADA Database, the Headquarters ADA Coordinator shall conduct a review seek to remedy and/or correct any problems noted, if determined to exist, and report same to the Secretary.


s/James M. Le Blanc
Secretary

This regulation supersedes Department Regulation No. B-08-010 dated 10 June 2009.

Forms:
OP-C-13-ARP-1      Administrative Remedy Procedure
OP-C-13-ARP-2      Administrative Remedy Procedure First Step Response
OP-C-13-ARP-3      Administrative Remedy Procedure Second Step Response
HCP37-a               Inquiry in Response to an Offender Accommodation Request
HCP37-b               Offender ADA Tracking Form

**Reviewed as of:  October 1, 2019**