UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

Joshua Folks,

    Plaintiff,

v.

Louisiana Attorney Gen. Jeff Landry, *et al.*,

    Defendants.

Civil Action No. 23-cv-01289-SDD-RLB

## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff Joshua Folks respectfully submits this Notice to alert the Court to its recent decision in *Adams v. Louisiana Department of Corrections, et al.*, No. 22-00020, entered at R. Doc. 226 on the *Adams* docket, which may bear on Plaintiff's Motion to Partially Exclude Testimony of Dr. Joseph Penn ("Motion"), previously filed in the above-captioned case at R. Doc. 56. As the Court is aware, the *Adams* case involves similar claims over the treatment of an incarcerated individual while confined at the Louisiana State Penitentiary Angola prison.[1] The plaintiff in *Adams* filed a motion to limit expert testimony from Dr. Joseph Penn,[2] the same expert proffered by Defendants in the above-captioned case. The Court granted the motion in *Adams* on September 30, 2025.[3]

The Court held in *Adams* that "[w]hether [the plaintiff's personality disorder] diagnoses constitute a 'serious mental illness' or not is wholly irrelevant to the ADA inquiry. . . . There is no requirement that a person be diagnosed with a "serious mental condition" to qualify for accommodation under the ADA. The Court finds that placing the focus on whether [the plaintiff]

---

[1] *Adams*, No. 22-00020, R. Doc. 1-1.
[2] R. Doc. 171.
[3] *Adams*, R. Doc. 226.

1

has a 'serious mental condition' runs the risk of causing jury confusion."[4] The pending Motion in this case seeks to exclude nearly identical testimony from Dr. Penn on the same grounds. In the instant action, the Motion argues that Dr. Penn should not be allowed to testify that "Mr. Folks does not meet the required diagnostic criteria . . . for a Serious Mental Illness (SMI)," as such testimony "is irrelevant" to the ADA.[5]

Further, the Court ruled in *Adams* that "Dr. Penn will not be permitted to opine on whether an accommodation is required under the ADA. However, he may testify as to opinion of whether [the plaintiff's] mental condition impacts his abilities to perform activities of daily living."[6] The pending Motion similarly seeks to limit Dr. Penn from offering a legal conclusion about Mr. Folks's entitlement to an accommodation under the ADA.[7] Should the Court grant the reconsideration motion filed in *Adams*, the undersigned will submit a supplemental notice alerting the Court to that change.

Dated: November 11, 2025

*/s/ Lydia Wright*
Lydia Wright, La. Bar No. 37926
**RIGHTS BEHIND BARS**
1800 M St. NW Fnt. 1 #33821
Washington, D.C. 20033
Tel: (202) 455-4399
lydia@rightsbehindbars.org

Respectfully submitted,

*/s/ Elizabeth A. Edmondson*
Elizabeth A. Edmondson (*pro hac vice*)
Sarah A. Purtill (*pro hac vice*)
Julius J. Mitchell (*pro hac vice*)
Kevin K. Si (*pro hac vice*)
Shailee Diwanji Sharma (*pro hac vice* forthcoming)
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036-2711
Telephone: (212) 891-1600
EEdmondson@jenner.com
SPurtill@jenner.com
Julius.Mitchell@jenner.com

---

[4] *Adams*, R. Doc. 226, at 2.
[5] R. Doc. 56-1 at 4, 7.
[6] *Adams*, R. Doc. 226, at 3. Plaintiff notes that this portion of the Court's order in *Adams* is currently the subject of a pending motion for reconsideration filed on October 13, 2025. *Adams*, R. Doc. 229.
[7] R. Doc. 56-1 at 9-11.

KSi@jenner.com
SSharma@jenner.com

Kenneth D. Beale (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Ave NW # 900
Washington, DC 20001
Telephone: (202) 639-6000
KBeale@jenner.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

    I hereby certify that on this 11th day of November, 2025, I electronically filed the foregoing with the Clerk of Court by utilizing the CM/ECF system, which will provide electronic notice of the filing to all CM/ECF participants. I further certify that all parties in this action are represented by CM/ECF participants.

                                                */s/ Elizabeth A. Edmondson*
                                                Elizabeth A. Edmondson