UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**JOSHUA FOLKS**,

    *Plaintiff*,

v.

**JEFF LANDRY,** *et al.,*

    *Defendants*.

Civil Case No. 23-cv-01289-SDD-RLB

**MOTION FOR RECONSIDERATION**

    **NOW INTO COURT,** comes Plaintiff Joshua Folks, who, pursuant to Federal Rule of Civil Procedure 59(e), respectfully moves this Court for reconsideration of its Ruling granting Defendants' Motion for Summary Judgment,[1] and the entry of judgment in favor of Defendants on December 1, 2025.[2] Defendants oppose the foregoing motion.

    Reconsideration is necessary to correct a legal error that, if left uncorrected, would result in manifest injustice to Plaintiff Joshua Folks. Further, the foregoing motion is timely under Rule 59(e), as it is filed within 28 days of the entry of judgment on December 1, 2025.

    The Court granted summary judgment to Defendants solely on the basis that Mr. Folks failed to comply with the requirement to exhaust administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e (the "PLRA"), prior to filing suit.[3] The Court's Ruling did not reach the merits of Mr. Folks's claims under the Americans with Disabilities Act and Rehabilitation Act/Rehabilitation Act, 42 U.S.C. § 1983, or Louisiana's state law of negligence.[4]

---

[1] R. Doc. 83.
[2] R. Doc. 84.
[3] R. Doc. 83.
[4] *See id.*

However, Defendants failed to establish as a matter of law that Mr. Folks was a "prisoner" subject to the PLRA's exhaustion requirement at the time he filed the Complaint in this action. And indeed, he was not. Under the settled interpretation of the scope of the PLRA, the exhaustion requirement did not apply to Mr. Folks's claims, and they should not have been dismissed for failure to meet that requirement. Reconsideration of the Court's prior ruling is necessary to prevent the manifest injustice to Mr. Folks that would result if his claims were thrown out based on a clear misapplication of the PLRA.

**WHEREFORE,** for the reasons stated above and in the accompanying Memorandum of Law in Support of the foregoing motion, Plaintiff now urges the Court to reconsider its prior ruling granting Defendants' Motion for Summary Judgment and to reach the merits of Mr. Folks's civil rights claims, which have been fully briefed.

Dated: December 16, 2025

Respectfully submitted,
*/s/ Elizabeth A. Edmondson*
Elizabeth A. Edmondson (*pro hac vice*)
Sarah A. Purtill (*pro hac vice*)
Julius J. Mitchell (*pro hac vice*)
Kevin K. Si (*pro hac vice*)
Shailee Diwanji Sharma (*pro hac vice* forthcoming)

**JENNER & BLOCK LLP**
1155 Avenue of the Americas
New York, NY 10036-2711
Telephone: (212) 891-1600
EEdmondson@jenner.com
SPurtill@jenner.com
Julius.Mitchell@jenner.com
KSi@jenner.com
SSharma@jenner.com

Kenneth D. Beale (*pro hac vice*)
**JENNER & BLOCK LLP**

        1099 New York Ave NW # 900
        Washington, DC 20001
        Telephone: (202) 639-6000
        KBeale@jenner.com

        */s/ Lydia Wright*
        Lydia Wright, La. Bar No. 37926
        Derrick L. Luster (*pro hac vice*)
        **RIGHTS BEHIND BARS**
        1800 M St. NW Fnt. 1 #33821
        Washington, D.C. 20033
        Tel: (202) 455-4399
        lydia@rightsbehindbars.org

        *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2025, I caused a true and correct copy of the foregoing Motion to be filed with the Clerk of the Court using the CM/ECF system and thereby served upon all counsel of record.

*/s/ Elizabeth A. Edmondson*
Elizabeth E. Edmondson