UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**JOSHUA FOLKS**,

    *Plaintiff*,

v.

**JEFF LANDRY,** *et al.,*

    *Defendants*.

Civil Case No. 23-cv-01289-SDD-RLB

## MEMORANDUM IN SUPPORT OF
## PLAINTIFF JOSHUA FOLKS'S MOTION FOR RECONSIDERATION

On December 1, 2025, this Court granted Defendants' Motion for Summary Judgment solely on the ground that Plaintiff Joshua Folks failed to comply with the Prison Litigation Reform Act ("PLRA")'s administrative exhaustion requirements prior to filing suit.[1] The Court entered Judgment for Defendants the same day.[2] Respectfully, Mr. Folks urges the Court to reconsider its December 1, 2025 Ruling pursuant to Federal Rule of Civil Procedure 59(e).

Defendants failed to establish an essential element of their exhaustion affirmative defense: that Mr. Folks is bound by the PLRA's exhaustion requirements. Defendants cannot make this showing because "the PLRA's restrictions do not apply to actions filed by former inmates following their release."[3] When Mr. Folks filed his complaint, he had served his time at the Louisiana State Penitentiary and been released. Because he was not "a prisoner confined in any jail, prison, or other correctional facility" or a "person incarcerated or detained in any facility,"[4] he was not subject to the PLRA's exhaustion requirement. This argument was not raised in

---

[1] R. Doc. 83 (Ruling on Defendants' Motion for Summary Judgment).
[2] R. Doc. 84.
[3] *Bargher v. White*, 928 F.3d 439, 447 (5th Cir. 2019).
[4] 42 U.S.C. §§ 1997e(a), (h).

1

opposition to summary judgment; as explained below, that does not preclude relief. Dismissal of Mr. Folks's complaint based on PLRA exhaustion requirements would result in manifest injustice and constitutes clear legal error that requires reconsideration, regardless of whether the argument was preserved.

Mr. Folks respectfully asks the Court to grant his Motion for Reconsideration, vacate the Judgment, and deny Defendants' Motion for Summary Judgment insofar as it seeks dismissal based on the PLRA affirmative defense of failure to exhaust.

## LEGAL STANDARD

A motion for reconsideration filed within 28 days of judgment is analyzed under Federal Rule of Civil Procedure 59(e).[5] Relief under Rule 59(e) requires a showing of (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) the need to correct a clear legal error or to prevent manifest injustice.[6] Although courts must aim to preserve the finality of judgments, "the ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law."[7] As the Fifth Circuit has previously held, dismissal on PLRA exhaustion grounds of a plaintiff who was not incarcerated when he sued is clear legal error warranting reconsideration regardless of whether the issue was preserved.[8]

---

[5] *Farquhar v. Steen*, 611 F. App'x 796, 800 (5th Cir. 2015) (per curiam) (citing *Tex. A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003)).
[6] *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002); *see also Durham v. AMIKids, Inc.*, No. CV 17-343, 2020 WL 3559549 (M.D. La. June 30, 2020).
[7] *Adams v. United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus. of the United States & Canada, AFL-CIO, Loc. 198*, 495 F. Supp. 3d 392, 396 (M.D. La. 2020) (cleaned up) (tracing principle through prior M.D. La. decisions).
[8] *See Bernal v. Bexar Cnty.*, 757 F. App'x 316, 319-20 (5th Cir. 2018) (per curiam).

**ARGUMENT**

I.   **Because Mr. Folks Was Not a "Prisoner" at Filing, He Was Not Required by the PLRA to Exhaust His Remedies.**

Congress enacted the PLRA in 1996, mandating that no action shall be "brought . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[9] The statute expressly defines the term "prisoner" to mean "any person *incarcerated or detained in any facility* who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."[10]

The Fifth Circuit is unequivocal that "the PLRA's restrictions do not apply to actions filed by former inmates following their release."[11] Federal courts nationwide have reached the same conclusion.[12] Whether the PLRA applies to Mr. Folks is thus a threshold statutory question about whether the exhaustion framework governs this plaintiff at all.

The record is undisputed that Mr. Folks was not incarcerated when he filed suit on September 12, 2023. Defendants' own records show that he had been released from the Louisiana State Penitentiary nearly one year earlier on November 14, 2022.[13] Moreover, Defendants did not present any other evidence that Mr. Folks was "a prisoner confined in any jail, prison, or other

---

[9] 42 U.S.C. § 1997e(a).
[10] *Id*. § 1997e(h) (emphasis added).
[11] *Bargher*, 928 F.3d at 447-48; *see also Bernal*, 757 F. App'x at 319-20 (PLRA's exhaustion requirement "applies only to people who are currently incarcerated—not to former prisoners"); *Janes v. Hernandez*, 215 F.3d 541, 542 (5th Cir. 2000) (holding that a different provision of the PLRA did not apply "because [plaintiff] was not a prisoner when this complaint was filed").
[12] *See Norton v. City of Marietta*, 432 F.3d 1145, 1150 (10th Cir. 2005) ("In light of the PLRA's plain language . . . a plaintiff who seeks to bring suit about prison life after he has been released and is no longer a prisoner does not have to satisfy the PLRA's exhaustion requirements before bringing suit"); *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000) (same); *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005) (per curiam) (same); *Witzke v. Femal*, 376 F3d 744, 750 (7th Cir. 2004) (same); *Ahmed v. Dragovich*, 297 F.3d 201, 210 (3d Cir. 2002) (same); *Greig v. Goord*, 169 F.3d 165, 167 (2d Cir. 1999) (same); *see also Cox v. Mayer*, 332 F.3d 422, 424-25 (6th Cir. 2003) (prisoner could subsequently refile unexhausted claims free of the exhaustion requirement when he was "no longer in prisoner," when he "ha[s] no remedies to exhaust").
[13] *See* R. Doc. 55-2 at 2 ¶ 2; R. Doc. 55-24 at 6.

correctional facility" or a "person incarcerated or detained in any facility" when he brought this action.[14] Mr. Folks simply does not fall within the scope of the PLRA's exhaustion requirement.[15]

The same analysis applies to Mr. Folks's state law negligence claim. The federal PLRA does not govern state law claims; Louisiana's corollary exhaustion statute does.[16] But that statute defines "prisoner" the same way,[17] and for the same reasons Mr. Folks falls outside the federal statute, he falls outside the Louisiana statute, as well.[18]

## II. Defendants Failed to Establish All Essential Elements of Their Affirmative Defense of Exhaustion.

"Failure to exhaust is an affirmative defense, such that the defendants have the burden of demonstrating that [a plaintiff] failed to exhaust administrative remedies."[19] At the summary judgment stage, Defendants "must establish beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in their favor."[20] The fact that a plaintiff was incarcerated when he brought suit is a necessary element to satisfying the PLRA's affirmative defense of exhaustion.[21]

In their Motion for Summary Judgment, Defendants did not identify any evidence purporting to show that Mr. Folks was incarcerated when he sued.[22] Nor could they have—undisputed facts showing that Mr. Folks was not incarcerated at the time he filed his complaint have been part of the record since the outset of this litigation.[23] Indeed, Defendants' briefing

---

[14] 42 U.S.C. § 1997e(a).
[15] *See Bargher*, 928 F.3d 447-48.
[16] *See* La. R.S. §§ 15:1181, 15:1184.
[17] *See id*. § 15:1181.
[18] *See McNeal v. Louisiana Dep't of Pub. Safety & Corr.*, No. CV 18-736, 2020 WL 798321, at *11 (M.D. La. Feb. 18, 2020) (finding that once the plaintiff had served his sentence, he was no longer a prisoner under La. R.S. § 15:1181).
[19] *Wilson v. Epps*, 776 F.3d 296, 299 (5th Cir. 2015) (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)).
[20] *Id*. (quoting *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010)).
[21] *See Bargher*, 928 F.3d at 447-48; *see also Bernal*, 757 F. App'x at 319-20.
[22] *Cf*. R. Doc. 55-1; 55-2.
[23] *See* Part I, *supra*. Moreover, Defendants confirmed Mr. Folks's incarceration history following his release from LSP. *See* R. Doc. 70-3. During Mr. Folks's deposition, Defendants' counsel asked whether "since 2022, [he] ha[d] . . . been

ignored this element of the PLRA entirely.[24] Defendants failed to establish an essential element of their affirmative defense—namely, that Mr. Folks was bound by the PLRA's exhaustion requirements at all. Defendants are thus not entitled to judgment as a matter of law as to that affirmative defense.[25]

**III.    Reconsideration is Appropriate to Prevent Clear Legal Error and Prevent Manifest Injustice.**

Reconsideration will be granted based on manifest injustice "if the error is apparent to the point of being indisputable. In order for a court to reconsider a decision due to manifest injustice, the record presented must be so patently unfair and tainted that the error is manifestly clear to all who view it."[26]

It is true that Plaintiff's opposition to Defendants' Motion for Summary Judgment did not argue that Defendants had failed to meet their burden of establishing that Plaintiff was incarcerated when he filed suit, as is required of an exhaustion affirmative defense. But this omission cannot

---

incarcerated anywhere." *Id*. at 30:20-21. Mr. Folks answered that he had, at Brazoria County Jail in Texas for two months in early 2024. *See id*. at 32:8-14. He did not testify, by contrast, that he was a prisoner on or around September 12, 2023. *Cf. id*. at 30:20-24, 32:8-14. Mr. Folks also confirmed, consistent with the Complaint, that he lived in Franklin for around a year following his release from LSP in November 2022. *Id*. at 31:9-15. Defendants thus had ample reason to know that Mr. Folks was not a prisoner at the time of the Complaint. For ease of the Court's review, the full excerpt of the deposition transcript reads as follows:

> Q. All right. Now, since 2022 have you been incarcerated anywhere?
> A. Yes, sir.
> Q. Where?
> A. Texas.
> …
> Q. Okay. Tell me about being incarcerated in Texas. When were you incarcerated in Texas?
> A. January of 2024.
> Q. And for how long?
> A. Two months.
> Q. At what facility?
> A. Brazoria County Jail.

*Id*. at 30:20-24, 32:8-14.
[24] *See* R. Doc. 55-1 at 10-12.
[25] *See Wilson*, 776 F.3d at 299.
[26] *Bender Square Partners v. Factory Mut. Ins. Co.*, No. 4:10-CV-4295, 2012 WL 1952265, at *4 (S.D. Tex. May 30, 2012) (alteration omitted); *see also Tennart v. City of Baton Rouge*, No. CV 17-179, 2023 WL 5886211 at *5-6 (M.D. La. Sept. 11, 2023) (reconsidering grant of summary judgment where the court "manifestly erred in its prior decision").

5

sustain the error in the entry of summary judgment against Plaintiff on the exhaustion defense. The Fifth Circuit has held that the dismissal on exhaustion grounds of a claim by a plaintiff who was not subject to the PLRA is an "obvious error" and "a miscarriage of justice" warranting reversal, even where the issue was not preserved.[27] In *Bernal v. Bexar County*, as here, the district court dismissed a complaint on the ground that the plaintiff had failed to exhaust administrative remedies.[28] There, as here, the PLRA exhaustion defense did not apply because the plaintiff was not incarcerated at the time he brought suit.[29] Although the plaintiff had not raised the issue before the district court at all, the Fifth Circuit nonetheless considered the issue on appeal, holding that dismissal under those circumstances constituted "extraordinary circumstances" excusing any waiver.[30]

Here, too, the error is indisputable. Like the plaintiff in *Bernal*, Mr. Folks had his suit dismissed "before he had the chance to prove his injuries."[31] As in *Bernal*, "the sole issue is a legal one—whether [Mr. Folks] was subject to the PLRA and thus whether the court erred in dismissing his complaint."[32] And because the Court ruled only on the affirmative defense of exhaustion, reconsideration would not disturb any merits determination.[33] Nor could Defendants claim any prejudice from the prompt reinstatement of claims that they had no basis to seek to dismiss based on exhaustion.[34]

---

[27] *Bernal*, 757 App'x at 319.
[28] *Id.*
[29] *Id.*
[30] *Id.*
[31] *Id.*
[32] *Id.*
[33] *See Berry v. Loancity*, No. CV 18-888, 2019 WL 5783418, at *2-3 (M.D. La. Nov. 6, 2019) (cautioning that the need to "reach the correct judgment under law" warranted extra weight where there had not yet been a decision on the merits of the parties' substantive claims); *Adams v. Turkey*, No. 2:11-CV-118, 2013 WL 264433, at *7 (S.D. Tex. Jan. 23, 2013) ("A failure to exhaust administrative remedies does not decide the suit on its merits.").
[34] *See Crews Trading Co. v. Terral Farm Serv., Inc.*, No. CIV.A. 05-0040, 2005 WL 3555918, at *3 (W.D. La. Dec. 28, 2005) (setting aside summary judgment as to an affirmative defense in response to a motion for reconsideration).

Mr. Folks deserves an opportunity to have his claim assessed on the merits. He spent nineteenth months in solitary confinement and prolonged periods in restraints.[35] His claims arise from treatment that, if proven, would constitute serious violations of his constitutional rights and federal law.[36] Those claims have never been heard. They were dismissed based on a statute that, under binding Fifth Circuit precedent, does not apply to him. That is a clear legal error, "plain and indisputable," and it is manifest injustice.[37]

## CONCLUSION

Mr. Folks respectfully asks the Court to grant his Motion for Reconsideration, vacate the Judgment, and deny Defendants' Motion for Summary Judgment as to the affirmative defense of exhaustion. The Court may then elect to consider the Defendants' other arguments for dismissal in the fully briefed Motion for Summary Judgment.

Dated: December 16, 2025

Respectfully submitted,
*/s/ Elizabeth A. Edmondson*
Elizabeth A. Edmondson (*pro hac vice*)
Sarah A. Purtill (*pro hac vice*)
Julius J. Mitchell (*pro hac vice*)
Kevin K. Si (*pro hac vice*)
Shailee Diwanji Sharma (*pro hac vice* forthcoming)

**JENNER & BLOCK LLP**
1155 Avenue of the Americas
New York, NY 10036-2711
Telephone: (212) 891-1600
EEdmondson@jenner.com
SPurtill@jenner.com
Julius.Mitchell@jenner.com
KSi@jenner.com
SSharma@jenner.com

---

[35] *See* R. Doc. 70 at 2-11; R. Doc. 70-1.
[36] *See* R. Doc. 70 at 14-25.
[37] *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (internal quotation marks omitted); *see also Complaint of Clearsky Shipping Corp.*, No. CIV.A. 96-4047, 1998 WL 512990 at *1 (E.D. La. Aug. 18, 1998).

        Kenneth D. Beale (*pro hac vice*)
        **JENNER & BLOCK LLP**
        1099 New York Ave NW # 900
        Washington, DC 20001
        Telephone: (202) 639-6000
        KBeale@jenner.com

        */s/ Lydia Wright*
        Lydia Wright, La. Bar No. 37926
        Derrick L. Luster (*pro hac vice*)
        **RIGHTS BEHIND BARS**
        1800 M St. NW Fnt. 1 #33821
        Washington, D.C. 20033
        Tel: (202) 455-4399
        lydia@rightsbehindbars.org

        *Attorneys for Plaintiff*