UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOSHUA FOLKS** | * | **CIVIL ACTION** |
| | * | |
| | * | |
| **VERSUS** | * | |
| | * | **NO.:  3:23-cv-01289-SDD-RLB** |
| **LOUISIANA ATTORNEY GENERAL JEFF** | * | |
| **LANDRY, LOUISIANA DEPARTMENT OF** | * | |
| **PUBLIC SAFETY & CORRECTIONS,** | * | |
| **WARDEN TIM HOOPER, ASSISTANT** | * | **JUDGE: SHELLY D. DICK** |
| **WARDEN FOR HEALTH SERVICES DOE,** | * | |
| **DIRECTOR OF MEDICAL SERVICES** | * | |
| **PAUL TOCE, MEDICAL DEPARTMENT** | * | |
| **DIRECTOR DAN LEFLEUR, ACUTE** | * | **MAGISTRATE JUDGE:** |
| **TREATMENT UNIT DIRECTOR DOE,** | * | **RICHARD L. BOURGEOIS** |
| **ADA ADMINISTRATOR ASHLI OLIVEAUX,** | * | |
| **DR. GAMBLE, OFFICER DOE, and** | * | |
| **EMT DOE** | * | |

**************************************************************************

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S RULE 59(E) MOTION**

NOW INTO COURT, through undersigned counsel, come Defendants, the Louisiana Department of Public Safety & Corrections, Tim Hooper, Paul Toce, Dan Lafleur, Ashli Oliveaux and Matthew Gamble, who file this opposition to Plaintiff's Rule 59(e) motion. Plaintiff's motion, which is based on an argument that was admittedly not raised in opposition to Defendants' motion for summary judgment, should be denied. Under well settled law, when a party fails to raise an argument in opposition to a motion for summary judgment and instead raises it for the first time in a motion to alter or amend judgment, that argument is waived. *Indep. Coca-Cola Emps. Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United*, 114 F. App'x 137, 143–44 (5th Cir. 2004). As such, Plaintiff's argument, raised for the first time in his Rule 59(e) motion, is waived and Plaintiff's motion should be denied.

1

1. **Law and Argument**

    a. **Motions for Reconsideration Must be Used Sparingly and Cannot Rely on Arguments that Should Have Been Raised Before Entry of Judgment**

The Fifth Circuit has explained that reconsideration of a judgment after it has been entered under Rule 59(e) "[i]s an extraordinary remedy that should be used sparingly." *Templet,* 367 F.3d at 479. As this Court has recently explained, "[w]hile the district courts do have 'considerable discretion in deciding whether to grant or deny a motion to alter judgment,' denial of Rule 59(e) motions to alter or amend is favored." *Brown v. Louisiana State Senate*, 2013 WL 5603232, at *1 (M.D. La. Oct. 11, 2013).

"Rule 59(e) relief is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *McAlpine v. Porsche Cars N, Am. Inc.,* 428 F. App'x 261, 263 (5th Cir. 2010) (per curiam). "A court should not grant Rule 59(e) relief on the basis of arguments which could, and should, have been made before the judgment issued, and should not allow a case to be argued under a new legal theory." *Clark v. Edwards*, No. CV 21-177-SDD-RLB, 2022 WL 22736549, at *1 (M.D. La. July 20, 2022), citing *McAlpine*, 428 F. App'x 261, 263.

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). "A Rule 59(e) motion 'is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.'" *Id*. Specifically, when a party fails to raise an argument in opposition to a motion for summary judgment and instead raises it for the first time in a motion to alter or amend judgment, that argument is waived. *Indep. Coca-Cola Emps. Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United*, 114 F. App'x 137, 143–44 (5th Cir. 2004)

### b. The Fifth Circuit Consistently Finds that that Arguments Raised for the First Time in a Rule 59(e) Motion Are Waived

In *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990), the Fifth Circuit addressed a party's attempt to raise a defense for the first time on a Rule 59(e) motion. Following a judgment issued against the United States for medical malpractice, the United States filed a motion to alter or amend the judgment, claiming that the Louisiana Medical Malpractice Act, which limits to $500,000 the damages that can be recovered for medical malpractice, applies to suits against the United States under the Federal Tort Claims Act. This defense was not pled in its answer. The United States argued that it raised this issue at a "pragmatically sufficient time" by filing its Rule 59(e) motion. Finding that the Rule 59(e) motions cannot be used to raise arguments that could have been made prior to the judgment, the Fifth Circuit held:

> We therefore conclude that the United States' argument that it is entitled to the Louisiana Medical Malpractice Act's limitation on liability could, and should, have been made at some point before the entry of judgment. Because the government did not claim that it was entitled to the benefit of the limitation on damages until after the judgment was entered, we conclude that the government waived that defense, and hold that the trial court did not abuse its discretion in denying the government's motion to alter or amend the judgment.

In *Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United*, 114 F. App'x 137, 143 (5th Cir. 2004), the Fifth Circuit held that the district court's denial of plaintiff's Rule 59(e) motion was not abuse of discretion where the Plaintiff's argument in support of its Rule 59(e) motion was not raised in opposition to defendant's summary judgment. The Fifth Circuit concluded that the argument was waived and the Rule 59(e) motion was properly denied.

Plaintiff's reliance on one Fifth Circuit case concerning a <u>pro se plaintiff</u> is misplaced. The Fifth Circuit consistently holds that district courts do not abuse their discretion in denying Rule

59(e) motions based on arguments that "could, and should, have been made before the judgment issued." See *Marseilles Homeowners Condo. Ass'n Inc. v. Fid. Nat. Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008); *Rice v. Asbestos Workers Pension & Annuity Fund Loc. 53*, 66 F.3d 321 (5th Cir. 1995); *Castaneda v. Sw. Key Programs, Inc.*, No. 24-50838, 2025 WL 2206145, at *1 (5th Cir. Aug. 4, 2025); *Gray v. White*, 18 F.4th 463, 469 (5th Cir. 2021); *Knight v. Kirby Offshore Marine Pac., L.L.C.*, 983 F.3d 172, 177 (5th Cir. 2020)

The same result should be reached here. As plaintiff admits, the basis of the Rule 59(e) motion could, and should, have been raised in opposition to Defendants' motion for summary judgment. Because it was not, the argument is waived and the Rule 59(e) motion should be denied.

### c. Plaintiff Cannot Show Manifest Injustice Where His Claims Are Prescribed

Lastly, Plaintiff's argument of "manifest injustice" is without merit. In addition to the merits based defenses set forth in Defendants' summary judgment, Plaintiff's claims are prescribed as a matter of law. As fully outlined in Defendants' motion for summary judgment, all of Plaintiff's claims are subject to a one year prescriptive period. Under well settled law, prescription commences when a plaintiff "knows or has reason to know of the injury which is the basis of the action." *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir.1992). While the events that gave rise to this suit occurred from April to August 2021, at the very least, plaintiff knew or had reason to know of the injury when he filed an ARP outlining his claims on July 27, 2022. R.Doc. 55-15. As such, at the very least, prescription accrued on July 27, 2022. Plaintiff filed suit on September 23, 2023, more than a year after prescription accrued. As such, Plaintiff cannot show "manifest injustice" in the dismissal of his claims.

2. Conclusion

For the reasons set forth herein. Defendants pray that Plaintiff's Rule 59(e) motion be denied.

                Respectfully submitted,

                **LIZ MURRILL**
                **Attorney General**

By:    s/ Andrew Blanchfield
         Andrew Blanchfield, T.A. (#16812)
         Email: ablanchfield@keoghcox.com
         Collin J. LeBlanc (#24519)
         Email: cleblanc@keoghcox.com
         C. Reynolds LeBlanc (#33937)
         Email: rleblanc@keoghcox.com
         Catherine S. Giering (#26495)
         Email: cgiering@keoghcox.com
         Chelsea A. Payne (#35952)
         Email: cpayne@keoghcox.com
         Special Assistant Attorneys General
         701 Main Street (70802)
         Post Office Box 1151
         Baton Rouge, Louisiana 70821
         Telephone: (225) 383-3796
         Facsimile: (225) 343-9612

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of Court by utilizing the CM/ECF system, which will provide electronic notice of the filing to all CM/ECF participants. I further certify that all parties in this action are represented by CM/ECF participants.

Baton Rouge, Louisiana, this 6th day of January, 2026.

                s/ Andrew Blanchfield
                Andrew Blanchfield