UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**JOSHUA FOLKS**,

    *Plaintiff*,

v.

**JEFF LANDRY,** *et al.,*

    *Defendants*.

Civil Case No. 23-cv-01289-SDD-RLB

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF HIS
MOTION FOR RECONSIDERATION**

On December 1, 2025, this Court granted Defendants' Motion for Summary Judgment on the sole ground that Plaintiff Joshua Folks failed to comply with the Prison Litigation Reform Act ("PLRA")'s administrative exhaustion requirement prior to filing suit.[1] The Court entered Judgment for Defendants the same day.[2] As Mr. Folks has explained, Defendants failed to meet their burden to establish that Mr. Folks is bound by the PLRA's exhaustion requirements at all.[3] He is not, since "the PLRA's restrictions do not apply to actions filed by former inmates following their release."[4]

Defendants offer no response to any of this. They never acknowledge that Mr. Folks was not subject to the PLRA's exhaustion requirements because he was not "an inmate" on the day he filed suit. Nor do they address the manifest injustice that will result absent reconsideration. In fact, Defendants do not raise any valid argument against reconsideration.

---

[1] R. Doc. 83.
[2] R. Doc. 84.
[3] *See* R. Doc. 86-1.
[4] *Bargher v. White*, 928 F.3d 439, 447 (5th Cir. 2019).

1

Contrary to Defendants' assertions,[5] Mr. Folks has not waived his argument that he was not subject to the PLRA. In the "extraordinary circumstances" where Defendants failed to prove a necessary element of their exhaustion defense, the Court is permitted to reconsider a summary judgment ruling in their favor.[6] Defendants fail to muster a single case to the contrary.[7]

Defendants' only other argument against reconsideration is that Mr. Folks's claims are prescribed.[8] However, this is no reason to deny reconsideration of the Court's earlier judgment, which was based only on the inapplicable exhaustion defense. As Mr. Folks explained in his motion for reconsideration, once the Court has vacated its prior judgment, it "may then elect to consider Defendants' other arguments,"[9] including prescription, and the parties' existing briefing on that issue.[10]

Even so, for the reasons explained in Mr. Folks's Opposition to Defendants' Motion for Summary Judgment, his claims are not prescribed. Where, as here, "the last act alleged is part of

---

[5] R. Doc. 87 at 1.
[6] *See id.*; *Bernal*, 757 F. App'x at 319-20 (finding extraordinary circumstances to reverse dismissal where the defendant misapplied the PLRA's administrative exhaustion requirement to a former-prisoner plaintiff's claims, despite plaintiff's first raising the issue on appeal).
[7] Defendants' cases are easily distinguishable. None but one involve requests for reconsideration of a judgment based on a claim or defense for which the *prevailing party* originally bore the burden. *Cf. Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United*, 114 F. App'x 137, 143 (5th Cir. 2004) (declining to consider an argument in support of a motion to compel arbitration that was raised on the first time on a Rule 59(e) motion); *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (concerning waiver of a previously unraised affirmative defense to damages); *Marseilles Homeowners Condo. Ass'n Inc. v. Fid. Nat. Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008) (in flood insurance dispute, rejecting plaintiff's new argument that purportedly excused the plaintiff from satisfying a condition precedent to bringing suit); *Rice v. Asbestos Workers Pension & Annuity Fund Loc. 53*, 1995 WL 535125, at *4 (5th Cir. 1995) (per curiam) (plaintiff waived a request that the district court issue an order for disability payments to be made to his counsel); *Castaneda v. Sw. Key Programs, Inc.*, No. 24-50838, 2025 WL 2206145, at *1 (5th Cir. Aug. 4, 2025) (per curiam) (party waived argument that the opposing side failed to comply with the district court's standing order); *Gray v. White*, 18 F.4th 463, 469 (5th Cir. 2021) (denying reconsideration where defendants *had* satisfied their burden to show failure to exhaust under the PLRA). Defendants cited only one case suggesting that a party had waived an argument in opposition to an affirmative defense, *Knight v. Kirby Offshore Marine Pac., L.L.C.*, 983 F.3d 172 (5th Cir. 2020). But in that case, both the lower and appeals courts found that the waived argument was in any event meritless on the substance, rendering any procedural default harmless. Therefore, reconsideration was unnecessary to correct any legal error. *See id.* at 177. Here, in contrast, the allegedly waived argument would entirely change the outcome of the Court's summary judgment ruling, and Defendants do not contest the legal error underlying that ruling.
[8] R. Doc. 87 at 4; R. Doc. 55-1 at 14.
[9] R. Doc. 86-1 at 7.
[10] R. Doc. 55-1 at 14; R. Doc. 70 at 29-31.

an ongoing pattern of discrimination and occurs within the filing period, allegations concerning earlier acts are not time-barred."[11] As Mr. Folks has already explained, the continuing violation doctrine applies to every claim here.[12]

During Mr. Folks's incarceration at the Louisiana State Penitentiary ("LSP") from March 31, 2021 until November 14, 2022, Defendants illegally refused to house and treat him in conditions that they knew would alleviate his severe mental health symptoms, and "each day [Defendants] failed to correct" for this failure represented a renewed accrual of Mr. Folks's claims.[13] Thus, Mr. Folks's claims ultimately accrued when he was finally released from LSP on November 14, 2022, less than one year before he filed the Complaint in this action.[14]

\* \* \*

Defendants do not acknowledge and therefore concede that Mr. Folks was not subject to the PLRA on September 12, 2023, when he filed his complaint.[15] Accordingly, to correct legal error and prevent manifest injustice, Mr. Folks respectfully requests that his Motion for Reconsideration be granted.

## **CONCLUSION**

For the reasons set forth herein and in the Memorandum in Support of his Motion for Reconsideration, Plaintiff respectfully requests that this Court reconsider its dismissal of his claims.

---

[11] *McGregor v. Louisiana State University Bd. of Sup'rs*, 3 F.3d 850, 866 (5th Cir. 1993).
[12] *See* R. Doc. 70-2 at 29-31.
[13] R. Doc. 70 at 2-11.
[14] *Guy v. LeBlanc,* 400 F. Supp. 3d 536, 542 (M.D. La. 2019) (explaining that claims under the Americans with Disabilities Act "accrued on each day the Department failed to correct a non-compliant service, program, or activity"); *see also Boswell v. Claiborne Parish Detention Center*, 629 F. App'x. 580, 583 (5th Cir. 2015) (same, as to a constitutional claim for deprivation of medical care); *Brooks v. Menifee*, No. CV07-0131-A, 2010 WL 7827470, at \*3 (W.D. La. Sept. 27, 2010), *report and recommendation adopted*, 2011 WL 5117600 (W.D. La. Oct. 26, 2011) (same, for a Section 1983 claim based on improper housing placement).
[15] *See* R. Doc. 87.

Dated January 14, 2026

Respectfully submitted,

*/s/ Elizabeth A. Edmondson*
Elizabeth A. Edmondson (*pro hac vice*)
Sarah A. Purtill (*pro hac vice*)
Julius J. Mitchell (*pro hac vice*)
Kevin K. Si (*pro hac vice*)
Shailee Diwanji Sharma (*pro hac vice* forthcoming)

**JENNER & BLOCK LLP**
1155 Avenue of the Americas
New York, NY 10036-2711
Telephone: (212) 891-1600
EEdmondson@jenner.com
SPurtill@jenner.com
Julius.Mitchell@jenner.com
KSi@jenner.com
SSharma@jenner.com

Kenneth D. Beale (*pro hac vice*)
**JENNER & BLOCK LLP**
1099 New York Ave NW # 900
Washington, DC 20001
Telephone: (202) 639-6000
KBeale@jenner.com

*/s/ Lydia Wright*
Lydia Wright, La. Bar No. 37926
Derrick L. Luster (*pro hac vice*)
**RIGHTS BEHIND BARS**
1800 M St. NW Fnt. 1 #33821
Washington, D.C. 20033
Tel: (202) 455-4399
lydia@rightsbehindbars.org

*Attorneys for Plaintiff*

4