**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

JOSHUA FOLKS

CIVIL ACTION

VERSUS

23-1289-SDD-RLB

JEFF LANDRY et al.

## RULING

Before the Court is a *Rule 59(e) Motion to Alter or Amend Judgment and Reconsider Summary Judgment Ruling* filed by Plaintiff Joshua Folks ("Plaintiff" or "Folks").[1]  Defendants the Louisiana Department of Public Safety & Corrections ("DOC"), Tim Hooper ("Hooper"), Paul Toce ("Toce"), Dan LeFleur ("LeFleur"), Ashli Oliveaux ("Oliveaux"), and Matthew Gamble ("Gamble") (collectively "Defendants"), oppose the motion.[2]  Plaintiff has filed a reply.[3]  The Court has considered the law, arguments, and submissions of the parties and is prepared to rule.  For the following reasons, Plaintiff's motion is DENIED.

## I.     BACKGROUND

This lawsuit arises from events which took place while Plaintiff was a pre-trial detainee and post-conviction inmate incarcerated at the Louisiana State Penitentiary ("LSP").  Plaintiff filed this action on September 12, 2023, approximately ten months following his release from custody on November 14, 2022, asserting: (1) violations of the Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA"); (2) violations of the Eighth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983; and (3) a

---

[1] Rec. Doc. 86.
[2] Rec. Doc. 87.
[3] Rec. Doc. 90.

1

supplemental state law claim for negligence against the named Defendants.[4]  The Court

granted summary judgment as to all Defendants on December 1, 2025, and dismissed

the action with prejudice.[5]  The Court found, without reaching the merits of the alleged

causes of action, that Plaintiff had failed to comply with the Prison Litigation Reform Act's

("PLRA") exhaustion requirement provided by 42 U.S.C. § 1997e(a), which states:

> No action shall be brought with respect to prison conditions under section 1983
> of this title, or any other Federal law, by a prisoner in any jail, prison, or other
> correctional facility until such administrative remedies as are available are
> exhausted.

Plaintiff now urges the Court to reconsider its Summary Judgment Ruling and entry

of judgment in Defendants' favor because of a "need to correct a clear legal error or to

prevent manifest injustice."[6]  For the first time in this litigation, Plaintiff now argues that,

because he was no longer incarcerated when the lawsuit was filed on September 12,

2023,  the PLRA's exhaustion requirement does not apply to any of his claims.[7]  He

therefore contends that Defendants have failed to establish an essential element for their

affirmative defense of exhaustion: "that [Plaintiff] was bound by the PLRA's exhaustion

requirement at all."[8]  Defendants, relying primarily on *Simons v. United States*,[9] counter

that a Rule 59(e) motion cannot be used to raise arguments that could have been made

prior to the judgment, but were not—in other words, they argue the Plaintiff's argument

has been waived.[10]

---

[4] Rec. Doc. 1, at ¶¶ 95-152.
[5] Rec. Doc. 83.
[6] Rec. Doc. 86-1, p. 2.
[7] *Id*. at 3 (citing *Bargher v. White*, 928 F.3d 439, 447-48 (5th Cir. 2019) ("By its plain language…the PLRA's restrictions do not apply to actions filed by former inmates following their release.")).
[8] *Id*. at 5.
[9] 891 F.2d 1154, 1159 (5th Cir. 1990).
[10] Rec. Doc. 87, p.3.  Defendants argue, in the alternative, that Plaintiff's claims are prescribed as a matter of law and, therefore, incapable of supporting a finding of manifest injustice.  *Id*., at 4.  Because the Court can resolve the present Motion on other grounds, it need not address this issue.

## II.    LEGAL STANDARD

To prevail on a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e), the moving party must show: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact.[11]  A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[12]  When considering a motion to alter or amend a judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts."[13]  A Rule 59(e) motion to alter a judgment "is an extraordinary remedy" that should be granted "sparingly."[14] Accordingly, district courts have considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration.[15]

## III.    LAW AND ANALYSIS

Plaintiff is correct that the PLRA's exhaustion requirement does not apply to lawsuits initiated by formerly jailed individuals after their term of incarceration has ended.[16]  That said, it is well settled that motions for reconsideration "cannot be used to raise arguments [that] could—and should—have been made before the judgment

---

[11] *See Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 597 (5th Cir. 2017) (citing *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012) (cleaned up)).

[12] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

[13] *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

[14] *Matthews v. Tidewater, Inc.*, 108 F.4th 361, 371 (5th Cir. 2024) (citing *Templet*, 367 F.3d at 479 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).

[15] *Templet*, 367 F.3d at 479.

[16] *Bargher v. White*, 928 F.3d 439, 447 (5th Cir. 2019) (Holding that the dismissal of a former prisoner's claims with prejudice for failure to exhaust administrative remedies was improper because "the PLRA's restrictions do not apply to actions filed by former inmates following their release.").

issued."[17]  By Plaintiff's own admission, this is precisely what he seeks to do.[18]

Importantly, Plaintiff does not offer any explanation for failing, until now, to argue that the exhaustion requirement of § 1997e(a) does not apply to his claims.[19]  Instead, he directs the Court's attention to *Bernal v. Bexar County*[20] for the proposition that erroneously applying the PLRA's exhaustion requirement to dispose of a plaintiff's entire action constitutes "extraordinary circumstances" in which failing to grant reconsideration would result in a miscarriage of justice, regardless of waiver principles.[21]  In *Bernal*, the Fifth Circuit exercised its discretion to consider a *pro se* plaintiff's argument, which had been raised for the first time on appeal, that the district court erred in dismissing his claims for failure to exhaust administrative remedies—a requirement the plaintiff contended did not apply following his release for incarceration.[22]  The Fifth Circuit agreed and reversed the district court's grant of the defendant's motion to dismiss.  Notwithstanding that Folks now presents the same legal argument as the plaintiff in *Bernal*, his reliance on that decision, to the extent it concerns waiver, is misplaced.

---

[17] *Wise v. Wilkie*, 955 F.3d 430, 434 (5th Cir. 2020); *Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Constanza v. Sparta Ins. Co.*, No. 24-871, 2025 WL 2644739, at *4 (E.D. La. Sep. 15, 2025) (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

[18] Rec. Doc. 86-1, p. 5 (Conceding "that Plaintiff's opposition to Defendants' Motion for Summary Judgment did not argue that Defendants failed to meet their burden of establishing that Plaintiff was incarcerated when he filed suit….").

[19] *See generally Sanderlin v. Seminole Tribe of Fla.*, 243 F.3d 1282, 1292 (11th Cir. 2001) ("Denial of a motion for reconsideration is 'especially sound [] when the party has failed to articulate any reason for the failure to raise the issue at an earlier stage in the litigation.'"); *Lynch v. Tesla, Inc.*, No. 122-597, 2022 WL 16681096, at *2 (W.D. Tex. Nov. 2, 2022) ("An unexcused failure to present arguments available at the time of a motion to dismiss provides a valid basis for denying a subsequent motion for reconsideration"); *Amir-Sharif v. Gonzalez*, No. 06-2269, 2007 WL 1411427, at *2 n.4 (N.D. Tex. May 14, 2007) (noting the plaintiff's failure to raise an argument in "a timely fashion (and without explanation for that failure) is reason enough to deny" a Rule 59(e) motion).

[20] 757 F. Appx. 316, 319 (5th Cir. 2018) (hereinafter "*Bernal*").

[21] Rec. Doc. 86-1, p. 6.

[22] *Bernal*, 757 F. Appx. at 319.

First, *Bernal* is an unpublished opinion and therefore lacks precedential effect.[23] Notwithstanding any persuasive value it might otherwise hold for appellate courts deciding whether to review an unpreserved issue, the case has never been cited by a district court to support the proposition for which Plaintiff now asserts—let alone in the context of a motion for reconsideration.  Even so, the circumstances of the instant case are sufficiently distinguishable from *Bernal* that applying it to overcome the Defendants' waiver argument is inapposite.

Unlike the facts of *Bernal*, it is glaring to the Court that Folks is not a *pro se* plaintiff for whom "fundamental fairness and [the] interests of justice" would require the Court to correct obvious legal errors that went unrecognized due to lay litigant ignorance.[24]  To the contrary, the record indicates Folks has been represented—at all stages of this proceeding—by an experienced and competent team of attorneys.[25]  Moreover, Folks' opposition to the Defendants' *Motion for Summary Judgment* dedicated significant attention to the issue of exhaustion and specifically argued that Folks "exhausted all available administrative remedies and was excused from exhausting any others."[26]  The fact that he did not, prior to this Court's judgment, argue the  general inapplicability of § 1997e(a) as an additional (or alternative) grounds to his excusal argument does not create extraordinary circumstances rendering it a proper consideration under Rule 59(e). The record demonstrates that Folks had both the benefit of counsel and ample

---

[23] *See* U.S. Ct. of App. 5th Cir. Rules 28.7 and 47.5.

[24] *Elam v. Barnhart*, 386 F.Supp.2d 746, 753 (E.D. Tex. 2005).

[25] Had this been the case in *Bernal*, one may reasonably question whether the Court would have exercised its discretion to consider the issue of the PLRA's exhaustion requirement.  *See generally Liang v. Bondi*, No. 22-6567, 2025 WL 573380, at *2 (2d Cir. Feb. 21, 2025) ("Although we have discretion to consider forfeited arguments 'if manifest injustice otherwise would result'… we ordinarily do not consider forfeited arguments in cases where petitioners are represented by counsel.") (internal citations omitted).

[26] Rec. Doc. 70, p. 26 (cleaned up).

opportunity to diligently research the contours of the PLRA's exhaustion requirement in the course of preparing his Opposition.  Thus, the Court is unaware of any meritorious reason to depart from the general rule that arguments which could, and should, have been raised therein, but were not, are deemed waived for purposes of reconsideration.

Notably, at the time Folks prepared and filed his opposition, the *Bernal* decision—which would have undoubtedly been helpful in countering the Defendants' exhaustion defense—had been rendered nearly seven years ago.  Similarly, the other case on which Folks relies in his motion for reconsideration, *Bargher v. White*,[27]  had been published for over six years.  Without explanation, neither case was briefed or argued.  Critically, "[m]otions for reconsideration are not…vehicles whereby a party may present arguments inexplicably omitted in prior proceedings."[28]  And, of course, a motion for reconsideration is not an opportunity for a litigant to get a second bite at the apple, i.e., an opportunity to present a better and more compelling argument than was originally presented.

In any event, Folks asks the Court to find this failure an extraordinary circumstance allowing the Court to apply an extraordinary remedy.  While certainly unfortunate, there is nothing extraordinary about a party (who is represented by counsel) failing to present an argument that, if timely raised, would have been dispositive on an issue in the litigation. "A party who aspires to oppose a summary judgment motion must spell out his arguments squarely and distinctly, or else forever hold [their] peace[,]" as a district court may disregard arguments that are not adequately developed by the nonmovant.[29]  For this reason, it has long been recognized that neither "inadvertent mistake of counsel[, g]ross

---

[27] 923 F.3d 439 (5th Cir. 2019).
[28] *Dixon v. Ford Motor Credit Co.*, No. 98-1633, 1998 WL 485694, at *2 (E.D. La. Aug. 14, 1998) (citing *Plaskon Electronic Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)).
[29] *Higgins v. New Balance Athletic Shoe, Inc.*, 194 F.3d 252, 260 (1st Cir. 1999).

carelessness, ignorance of rules[,] [nor] ignorance of law"[30] on the part of "a client or his counsel" justifies granting a Rule 59(e) motion.[31]  Folks' failure to argue § 1997e(a)'s inapplicability to his claims is simply not reviewable under Rule 59(e).

## IV.    CONCLUSION

For the foregoing reasons, the *Rule 59(e) Motion to Alter or Amend Judgment and Reconsider Summary Judgment Ruling*[32] filed by Plaintiff Joshua Folks is DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>April 27, 2026</u>.

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[30] *Gonzalez v. State Fair of Texas*, No. 00-10424, 235 F.3d 1339, at *2 (5th Cir. 2000) (citing *Edward H. Bohlin Co. v. The Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993)).

[31] *Ruth v. Eka Chemicals, Inc.*, No. 113-165, 2015 WL 3673134, at *1 n.1 (N.D. Miss. Jun. 12, 2015) (citing Gonzalez, 235 F.3d 1339, at *2 (5th Cir. 2000)).  It is telling that this principle would not apply if, like the plaintiff in *Bernal*, Folks were proceeding pro se.  In that case, he would neither have counsel nor be properly considered a client.

[32] Rec. Doc. 86.